Zimmerman, J.
 

 On September 30, 1932, the General Assembly passed an act, 114 Ohio Laws, pt. 2, page 70, “To provide for reduction in compensation of certain elective officers,” etc., which was duly approved and filed in the office of the secretary of state on October 3, 1932. The act was not declared to be an emergency measure. So much thereof as is necessary to a decision in this case is as follows :
 

 “Section 2. During the period beginning January 1, 1933, and ending December 31, 1934, the compensation of all judges which is fixed, limited or determined, in whole or in part, by sections 2251, 2251-1, 2252, 2252-1, 2253, 2253-2, 2253-3 of the General Code shall be reduced according ¡to the schedule set forth in section 3 of this act, the provisions of such sections of the General Code to the contrary notwithstanding. Said schedule shall be applied to the total compensation of each such judge and the amount paid toward his total salary by the state, county or counties shall be reduced in the ratio that each such political unit contributes to such total salary.”
 

 Section 3 contains the schedule of the percentages of reduction to be applied to given annual salaries.
 

 Section lc of Article II of the Constitution of Ohio provides, in part:
 

 “No law passed by the general assembly shall go into effect
 
 until ninety days after
 
 it shall have been filed by the governor in the office of the secretary of state, except as herein provided. When a petition, signed by six per centum of the electors of the state
 
 *251
 
 * * # shall have been filed with the secretary of state
 
 within ninety days after
 
 any law shall have been filed by the governor in the office of the secretary of state, * * * the secretary of state shall submit to the electors of the state for their approval or rejection such law * *
 

 A part of Section 14 of Article IV of the Constitution of Ohio reads
 

 “The Judges of the supreme court, and of the court of common pleas, shall, at stated times, receive, for their services, such compensation as may be provided by law,
 
 which shall not be diminished, or increased,
 
 during their term of office.”
 

 It is conceded that the relator, Alfred Mack, was duly elected a judge of the court of common pleas of Hamilton county for a term of six years, beginning on January 1,1933. The dispute arises over the date upon which the Salary Reduction Act, referred to, became effective. If it became operative during relator’s term of office, he is not affected by it within the clear meaning and intent of Section 14, Article IV, of the Constitution, and should prevail.
 

 The general policy of this state in computing time is expressed in Section 10216, General Code, which says:
 

 “Unless otherwise specifically provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the
 
 last;
 
 except that the last shall be excluded if it be Sunday.”
 

 This court, in
 
 Neiswander
 
 v.
 
 Brickner,
 
 116 Ohio St., 249, 156 N. E., 138, held that such law was of general application.
 

 Methods of computing time are comprehensively discussed in the case of
 
 State
 
 v.
 
 Elson,
 
 77 Ohio St., 489, 83 N. E., 904, 15 L R. A. (N. S.), 686, and it is there stated that, in the absence of any contrary intention, the generally recognized rule is to exclude
 
 *252
 
 the first day and include the last. The court, in applying such rule, held that under a statute (Section
 
 409j,
 
 Revised Statutes) making it. unlawful to catch, kill, injure, or pursue certain game, except “from the fifteenth day of November to the fifth day of December,” November 15th should be excluded and December 5th included, making the period of the “open season” twenty days.
 

 The following additional authorities are cited in support of the general proposition that, where an act is to be done within a given time, the usually adopted mode of computation is to exclude the first day and include the last: 62 Corpus Juris, 984; 26 Ruling Case Law, 745;
 
 Tuttle
 
 v.
 
 City of Boston,
 
 215 Mass., 57, 102 N. E., 350;
 
 State, ex rel. Evans,
 
 v.
 
 Superior Court for King County,
 
 168 Wash., 176, 11 P.(2d), 229;
 
 Lewis, Secy. of State,
 
 v.
 
 Cozine,
 
 234 Ky., 781, 29 S. W. (2d), 34;
 
 Anderson Mill & Lumber Co.
 
 v.
 
 Clements,
 
 101 Fla., 523, 134 So., 588.
 

 It becomes necessary to construe and harmonize certain expressions used in Section 1c of Article II of the Constitution of Ohio. The first part of that section provides: “No law * * * shall go into effect
 
 until ninety days after
 
 it shall have been filed * * * in the office of the secretary of state *' * Then follows immediately the further statement: “When a petition, signed by six per centum of the electors, * * # shall have been filed with the secretary of state
 
 within ninety days
 
 after any law shall have been filed * * * in the office of the secretary of state [for the purpose described], the secretary of state shall submit to the electors
 
 * * *
 
 for their approval or rejection such law * # *.”
 

 If we apply the computation of time as contained in Section 10216, General Code, and the authorities cited thereafter, which we believe to be proper here, an act filed with the secretary of state on October 3, 1932, would be subject to a referendum petition signed by
 
 *253
 
 six per centum of the electors,
 
 at least
 
 until midnight of January 1, 1933.
 

 Expressions of this court as contained in the following cases:
 
 State, ex rel. Donahey, Aud. of State,
 
 v.
 
 Edmondson, County Aud.,
 
 89 Ohio St., 93, 105 N. E., 269, 52 L. R. A. (N. S.), 305, Ann. Cas., 1915D, 934,
 
 County of Miami
 
 v.
 
 City of Dayton,
 
 92 Ohio St., 215, 110 N. E., 726, and
 
 State, ex rel. Davies Mfg. Co.,
 
 v.
 
 Donahey, Aud. of State,
 
 94 Ohio St., 382, 114 N. E., 1037, are in harmony with this conclusion.
 

 A holding that the two ninety-day periods mentioned in Section lc, Article II, of the Constitution, are not intended to, and do not, cover the same period of time within the fraction of a second, would be patently inconsistent and absurd, and destructive of the intent and purpose of this section taken as a whole.
 

 From what, has been said it logically and necessarily follows that the “ninety days” first mentioned in Section lc, Article II, of the Constitution, means ninety,full days, and that an act of the General Assembly filed in the office of the secretary of state on October 3, 1932, would not become effective until
 
 at least
 
 the first moment of January 2, 1933.
 

 This is in accordance with the statement appearing in 26 Ruling Case Law, at page 746, which we consider applicable:
 

 “And where it is provided that a certain result- shall not accrue until after the expiration of a given number of days from a stated date, then both the first and last days must be excluded, so that the full number of days will be given.”
 

 We have not overlooked the fact that January 1, 1933, fell on Sunday. The determination of whether or not such coincidence extended the effective date of the Salary Reduction Act is not necessary to a decision in this case, and is not decided.
 

 Counsel for respondent contend that the construction we have adopted is in conflict with the decisions
 
 *254
 
 in.
 
 State, ex rel. Jones,
 
 v.
 
 Board of Deputy State Supervisors and Inspectors of Elections of Montgomery County,
 
 93 Ohio St., 14, 112 N. E., 136, and
 
 Thrailkill, a Taxpayer,
 
 v.
 
 Smith, Secy. of State,
 
 106 Ohio St., 1, 138 N. E., 532. With this we are unable to agree. In the
 
 Jonds case
 
 a statute (Section 5004, General Code [103 Ohio Laws, 843]), was under consideration which required that “nomination papers of candidates shall be filed * * * not less than sixty days
 
 previous
 
 to the day of election,” and it was determined in connection with this particular language, which is entirely different from that under consideration in the instant case, that in computing the prescribed period the last day should be excluded and the first included. A reverse count was thus involved. What was said in the
 
 ThrailUll case,
 
 at page 6 of 106 Ohio State, is mere obiter based entirely upon obiter from the
 
 Jones case,
 
 and we do not consider it controlling.
 

 The matters pass.ed upon in the cases last cited, and the question with which we are now confronted, are so totally different as to make those cases inapplicable. Here we have a situation which requires a computation of the space of time from the filing of an act passed by the General Assembly within which electors may be permitted to test such act by referendum petition under the Constitution, and, in connection therewith, the time at which such act becomes effective. The precise question has not before been directly decided by this court.
 

 We consider it expedient to comment on the case of
 
 Elder
 
 v.
 
 Shoffstall,
 
 90 Ohio St., 265, 107 N. E., 539, where propositions one and two of the syllabus disclose a computation of time in conflict with the one adopted in the instant case. While we do not deem it necessary or proper expressly to overrule such propositions in their entirety, we do disapprove them in so far as the statement as to the effective date of the statute referred to therein is concerned. Such effective
 
 *255
 
 date should have been denoted as May 15, 1913, in accordance with the correct expression of the court in the opinion, at page 274. '
 

 Since the relator’s term of office as judge of the court of common pleas of Hamilton county began on January 1, 1933, since the Salary Reduction Act did not become effective, until after such date, and since Section 14, Article IV, of the Constitution, is clear that the salary of a judge of the court of common pleas shall not be diminished during his term of office, the Court of Appeals committed no error in overruling the demurrer to the amended petition and allowing the writ of mandamus. The judgment will he affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Allen, Stephenson, Jones, Matthias and Bevis, JJ., concur.