Turner, J., dissenting.
 

 I am unable to find any ambiguity in Section 14, Article IV of the Constitution. It does not provide or justify the construction that the Legislature shall or may fix a sliding scale whereby the judge may discover, after he is in office, what his compensation is going to be. Before he takes his seat upon the bench, the judge is entitled to know what his compensation is to be. After he has taken his seat, that compensation shall neither be diminished nor increased.
 

 
 *287
 
 Under the majority opinion some judges in the larger counties -will receive an increase, while some judges in the smaller counties will suffer a decrease, in the compensation obtaining for their respective offices when their terms began.
 

 I do not agree with the statement in the majority opinion that “the inhibition found in Section 14, Article IV of the Constitution, to the effect that the compensation of common pleas judges ‘as may be provided by law,’ that is, by the Legislature, ‘shall not be diminished, or increased, during their term of office,’
 
 is directed to the Legislature and not to the officer who gays the compensation or to the judge who receives it.”
 
 (Italics mine.) This sophistry is disclosed by pointing out that the section in question in so many words puts a limitation upon the amount which the
 
 judge
 
 may
 
 receive.
 
 Besides, each and every officer, including the judge who receives, the auditor who draws the warrant, and the treasurer who pays, must take the oath provided by Section 7, Article XV of the Constitution, which provides:
 

 “Every person chosen or appointed to any office under this state, before entering upon the discharge of its duties, shall take an oath or affirmation, to support the Constitution of the United States, and of this state, and also an oath of office. ’ ’
 

 To make doubly sure that the requirement should not be evaded, the Constitution also provides in Section 7 of Article I, relative to the rights of conscience: * * but nothing herein shall be construed to dispense with oaths and affirmations.”
 

 On September 30, 1932, the Legislature passed, and on October 3, 1932, the Governor approved an act providing for the
 
 reduction
 
 in compensation of certain elective officers, including common pleas judges. (114 Ohio Laws, pt. 2, 70.) At the following November election, this same relator was elected as judge of the Common Pleas Court of Hamilton county for a term of
 
 *288
 
 six years, beginning on January 1, 1933. The 90-day referendum period expired at midnight on the same day — January 1,1933. This court held in
 
 Heuck, Aud.,
 
 v.
 
 State, ex rel. Mack,
 
 127 Ohio St., 247, 187 N. E., 869, that “a judge of the Court of Common Pleas, whose term of office began on January 1, 1933, was not affected by such Salary Reduction Act, since it would decrease his salary during his term of office, contrary to the provisions of Section 14, Article IV, of the Constitution of Ohio.” We should be as meticulous here, where an increase instead of a decrease is involved.
 

 In passing upon the provisions of our own Constitution, I am only mildly interested in the decisions of courts of other states in construing their constitutional provisions. It is seldom that all applicable provisions in such cases are identical with ours. However, if I were to choose between the conflicting views of other courts, I would cite as an authority for my dissent the case of
 
 Commonwealth, ex rel. Woodring,
 
 v.
 
 Walter,
 
 274 Pa., 553, 118 A., 510, which apparently involved our exact question, and wherein it was held that no fluctuation of population could be used to defeat the plain language of the constitutional inhibition against increasing or decreasing an official salary after the term had begun.
 

 Weygandt, C. J., concurs in the foregoing dissenting opinion.