ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Kenneth Ramser, is a registered voter in the City of Parma. Respondents are the Cuyahoga County Board of Elections ("Board") and its individual members: Robert T. Bennett; Edward C. Coaxum, Jr.; Sally D. Florkiewicz; and Loree K. Soggs.
 {¶ 2} On August 25, 2005, the Auditor of the City of Parma ("Auditor") certified to the Board the sufficiency and validity of petitions to place a proposed ordinance on the ballot for the November 8, 2005 election in Parma. The proposed ordinance would provide for a one hundred percent resident income tax credit.
 {¶ 3} On August 31, 2005, Ramser filed a protest with the Board. After a hearing on September 12, 2005, the Board cast a tie vote on the motion to uphold the protest. Under R.C. 3501.11(X), the Secretary of State cast the deciding vote against the motion to uphold the protest and determined that the issue would remain on the November 8, 2005 ballot.
 {¶ 4} Ramser commenced this action on October 6, 2005 requesting that this court issue a writ of prohibition preventing respondents from placing the issue on the November 8, 2005 ballot. Respondents filed an answer admitting the material facts averred in the complaint as well as a motion for summary judgment. Ramser filed a brief in opposition to the motion for summary judgment as well as a cross-motion for summary judgment. For the reasons stated below, this court denies both respondents' motion for summary judgment and relator's cross-motion for summary judgment and dismisses this action sua sponte.
 {¶ 5} Although respondents have nominally filed a motion for summary judgment, counsel for respondents indicates that he "is unable to present an argument on the Board's behalf due to the Board's tie vote." Obviously, respondents have not provided this court with a sufficient basis for granting summary judgment in their favor.
 {¶ 6} R.C. 731.28 governs submission of ordinances and other measures by initiative petition to the electorate and requires that the Board "submit such proposed ordinance or measure for the approval or rejection of the electors of the municipal corporation at the next general election occurring subsequent to seventy-five days after the auditor * * * certifies the sufficiency and validity of the initiative petition to the board of elections." (Emphasis added.) The dispositive issue in this action is whether the Auditor's certification of the part petitions to the Board on August 25, 2005 was timely for placement on the November 8, 2005 ballot. It is not disputed that, in computing the seventy-five days, August 25 is not included and November 8 is the seventy-fifth day. Ramser argues, however, that August 24, 2005 was the last day on which the Auditor could have certified the petitions.
 {¶ 7} In support of this argument Ramser observes that R.C. 1.14
provides, in part: "The time within which an act is required by law to be done shall be computed by excluding the first and including the last day * * *." Ramser further contends that the day that is seventy-five full
days subsequent to August 25 is November 9. He buttresses this contention by citing various cases presenting analogous circumstances. See: Heuckv. State ex rel. Mack (1933), 127 Ohio St.3d 247, 187 N.E. 869 (the language "ninety days after" in Section 1(c), Article II, of the Ohio Constitution means ninety full days); Drockton v. Bd. of Elections ofCuyahoga Cty. (1968), 16 Ohio Misc. 211, 240 N.E.2d 896 (a prior version of R.C. 731.28 required the Board to submit a proposed ordinance to the electors "at the next succeeding general election, occurring subsequent to ninety days after the certifying of such initiative petition to the board of elections"; because election day was the ninetieth day after the auditor certified the petitions and election day was not subsequent to the ninetieth day after certification, the Board was without authority to place the ordinances on the ballot); Storegard v. Bd. of Elections ofCuyahoga Cty. (1969), 22 Ohio Misc. 5, 255 N.E.2d 880 (at 8: theStoregard court's conclusion as to the last day for certification by the auditor necessarily requires counting the day before election day as one of the ninety days which must pass in their entirety before the Board may satisfy the "subsequent to ninety days" requirement of a prior version of R.C. 731.28).
 {¶ 8} The authorities cited by Ramser are not, however, controlling. In State ex rel. N. Main St. Coalition v. Webb, Ohio St.3d, 2005-Ohio-5009, N.E.2d, Webb — the clerk of the Wellington Village Council — questioned the sufficiency of an ordinance proposed by the relators and she refused to certify the sufficiency and validity of the initiative petition. Applying R.C. 731.28 the Supreme Court observed:
"As both [relator] North Main and the board of elections advised her, Webb had until August 25 to certify the petition to the board for placement of the proposed ordinance on the November 8 ballot."
"But Webb did not certify the petition to the board by August 25. * * *"
* * *
"Therefore, Webb abused her limited discretion in failing to certify the sufficiency and validity of the initiative petition to the board of elections by August 25."
* * *
"Time was of the essence here once Webb received the petition back from the board of elections on August 9. She had until August 25 to certify the petition to the board for placement on the November 8 election ballot."
* * *
"Based on the foregoing, relators have established their entitlement to a writ of mandamus to compel Webb to certify the sufficiency and validity of the initiative petition to the board of elections for placement on the November 8 election ballot. Webb received a copy of the petition as early as July 8, but did not make her erroneous objection to the substantive nature of the proposed ordinance until late August. Because Webb's unjustified delay in certifying the petition to the board of elections caused the August 25 deadline to pass, relators are entitled to the writ to compel certification of the petition for placement of the proposed ordinance on the November 8 election ballot. Cf. [Morris v. MacedoniaCity Council (1994),] 71 Ohio St.3d 52, 641 N.E.2d 1075 (city council's unjustified failure to promptly determine sufficiency of petition for city-charter amendment warranted writ of mandamus compelling inclusion of charter-amendment initiative on next election ballot even though constitutional deadline had passed). Our holding is consistent with our duty to liberally construe municipal initiative provisions to permit the exercise of the power of initiative. [State ex rel. DeBrosse v. Cool
(1999), 87 Ohio St.3d 1, 1999 Ohio 239, 716 N.E.2d 1114],87 Ohio St.3d at 7, 716 N.E.2d 1114."
Id. at ¶ 26, 27, 39, 43, 47.
 {¶ 9} Clearly, Webb stands for the proposition that a city auditor or village clerk has the duty under R.C. 731.28 to certify to the Board the sufficiency and validity of petitions (if other requirements have been met) and to make that certification in a timely fashion. The Supreme Court clearly and repeatedly stated in Webb that the deadline for that certification in 2005 is August 25, the date on which the Auditor certified to the Board the sufficiency and validity of petitions in this case.
 {¶ 10} In our judgment, Webb is dispositive of this action.
"In order to obtain a writ of prohibition [against a board of elections], [relator] must establish that (1) the board is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law.Goldstein v. Christiansen (1994), 70 Ohio St.3d 232, 234-235,638 N.E.2d 541, 543."
State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections (1995),72 Ohio St.3d 289, 291, 649 N.E.2d 1205. We acknowledge that, because the general election is imminent, no other adequate remedy exists in the ordinary course of the law. Yet, in light of Webb, we cannot grant relief in prohibition in this action. "A board's exercise of judicial or quasi-judicial power is unauthorized if it engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or applicable legal provisions." Id. at 292. Ramser only challenges the Board's application of statutes and case law. Nevertheless, as the discussion above demonstrates, Webb requires that we hold that relief in prohibition is not appropriate in this action. The Board's application of R.C. 731.28 is consistent with the Supreme Court's opinion in Webb.
 {¶ 11} Accordingly, we deny respondents' motion for summary judgment and relator's cross-motion for summary judgment. We do, however, dismiss this action sua sponte. Cf. State ex rel. Hartman v. Cuyahoga Cty. Bd. ofElections (Nov. 2, 2001), Cuyahoga App. No. 80446. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Complaint dismissed.
Gallagher, P.J., dissents Kilbane, J., concurs.
 DISSENTING OPINION