FARLEIGH, ET AL., RESPONDENTS, *v.* KELLY, APPELLANT.

[No. 1575.]

*On Motion to Dismiss Appeal.*

[Decided October 17, 1900.]

*New Trial—Statement of Case—Preparation and Service—Extension of Time—Judges—Change—Power—Statute—Constitutionality—Appeal—Briefs.*

1. Under Code Civ. Proc., Sections 36, 1821, giving a judge of one district, when holding court for the judge of another district, "the same power, either in court or chambers, as a judge thereof," and providing "that orders made out of court may be made by the judge of the court in any part of the state," a judge who has returned to his own county after trying a cause in another county, in the place of the judge thereof, who was disqualified, has power to make an order extending the time to prepare and serve the "statement of the case" on a motion for a new trial, as provided by Section 1173, giving the "court" or "the judge thereof" power to make such orders.
2. Code Civ. Proc., Section 36, giving the judge of óne district, when holding court for the judge of another district, "the same power, either in court or chambers, as a judge thereof," does not enlarge the authority given by Const., Art. 8, Section 12, providing that one judge "may hold court" for another, and hence does not violate the constitution.
3. Upon proper showing the appellate court will not dismiss an appeal because appellant's brief was not served or filed in time.

*Appeal from District Court, Jefferson County, Henry C. Smith, Judge.*

PETITION by Caroline Kelly for probate of the will of John D. Allport, deceased, to which Lillie Sue Farleigh and others filed objections. Contestants moved to dismiss proponent's appeal from a judgment against her and an order denying a new trial. Denied.

*Mr. T. J. Walsh,* and *Mr. Geo. F. Cowan,* for Appellant.

*Messrs. Walsh & Newman, Mr. Robt. B. Smith,* and *Mr. Chas. R. Leonard,* for Respondents.

MR. JUSTICE WORD delivered the opinion of the court.

Respondents move the court to strike from the record on appeal the statement of the case on motion for new trial, and to dismiss the appeal in said action, for the following reasons:

(1) Because the said statement was not served on respondents' attorneys, or settled, allowed, or filed, within the time prescribed by the Code of Civil Procedure, the time for serving settling, or filing such statement not having been extended by stipulation of parties, or by an order of the court in which the case was tried, or by the judge thereof.

(2) Because no brief has been served on respondents' attorneys or filed within 60 days of the filing of the transcript on appeal.

The facts as disclosed by the record, are as follows:

The proponent filed for probate in court an instrument purporting to be the last will and testament of John D. Allport, deceased. The contestants duly filed objections to admitting said will to probate, alleging, among other things, that it was a forgery. To these objections a replication was filed, and thereafter an amended answer was filed. Hon. M. H. Parker, judge of the court, was disqualified, and Hon. Henry C. Smith, judge of the First judicial district, was requested to hold court for Judge Parker during the trial of the case.

The case was tried before a jury. The jury returned their verdict November 19, 1899, whereby it was found that the will was forged. Thereafter the proponent served notice of intention to move for a new trial, stating that it would be based upon a statement of the case and upon affidavits.

The District Court of Jefferson County adjourned on the 19th day of November, 1899, and no other term of court was held between that time and December 4, 1899. On December 4, 1899, Judge Smith, at Helena, Montana, made an order extending the time within which proponent might serve her statement.

The contestants, at all stages of the proceedings relating to the settlement of the said statement, objected to the settlement or allowance thereof, upon the ground that the same was not served in time, and that Judge Smith did not have authority to extend the time within which it might be served. These objections were embodied in the statement, and the statement was settled by Judge Smith, over the objections.

Judgment was entered in the case, February 5, 1900. The motion for a new trial was overruled May, 12, 1900. On May 24, 1900, notice of appeal was served, whereby an appeal was taken from the order overruling the motion for a new trial, but not from the judgment.

The question presented is: Did the Honorable Henry C. Smith, the judge who tried said cause, have the power to make the order of December 4, 1899, extending the time within which proponent might prepare and serve her statement?

Counsel for respondents take this position: Admitting that, under the Constitution and Code of this state, a judge of one district, called in to hold court for a judge of another district, for some reason disqualified, has the same power, either in court or chambers, as the judge thereof, and that while in the Fifth judicial district his honor, Judge Smith, had the power to make the order of December 4th, yet respondents contend that when his honor, Judge Smith, returned, to his own district he did not and could not take with him, and there exercise, any of the powers of the judge for whom he was holding court.

In the discussion of the questions involved in this motion, both the counsel for respondents and for appellant seem to have overlooked Section 1821 of the Code of Civil Procedure, which is as follows:

"Sec. 1821. Motions must be made in the county in which the action is brought, or in any adjoining county in the same district. In case of the absence of the judge of the district from his district, such motion may be made before the judge of any adjoining district. Orders made out of court may be made by the judge of the court in any part of the state."

Under Section 12 of Article VIII of the Constitution, Judge Smith had the power to hold court in the Fifth judicial district, and to try said cause. While holding said court, Judge Smith had the same power, either in court or chambers, as the judge thereof. (Code of Civil Procedure, Sec. 36). Under Section 1173 of the Code of Civil Procedure, the power to extend the time within which the statement must be prepared and served is expressly given. The order extending the time was one which the judge could make at chambers (Code of Civil Procedure, Secs. 170, 171, 190); and under Section 1821 of the Code of Civil Procedure, *supra*, Judge Smith had the power to make such order after his return to his own district. Briefly stated, these are the conclusions we have reached upon the first ground of this motion.

Authority for our position is found in the case of *Matthews* v. *Superior Court*, 68 Cal. 638, 10 Pac. 128, where the su-

preme court of that state—under a state of facts practically the same as that of this case—reached the same conclusions. The Code of Civil Procedure of California (Section 1004), as does our own, provided that "orders made out of court may be made by the judge of the court in any part of the state." (See, also, *Ex parte Nelson & Kelly*, 62 Ala. 376; *Gould* v. *Duluth & Dakota Elevator Co.*, 3 N. D. 96, 54 N. W. 316; *Holden* v. *Haserodt*, 2 S. D. 220, 51 N. W. 340.)

Respondents' counsel question the constitutionality of Section 36 of the Code of Civil Procedure; this, upon the ground that by Section 12, Article VIII, of the Constitution, the authority of one judge, when acting for another, is limited to the act of holding court, while Section 36 of the Code of Civil Procedure gives to the judge holding court for another judge the same power, either in court or chambers, as a judge thereof. In our opinion, this section of our Code of Civil Procedure just referred to is constitutional. In the case of *Wallace* v. *Helena Electric Railway Co.*, 10 Mont. 24, 24 Pac. 626, 25 Pac. 278, it was intimated that an act of the legislature granting to a judge holding court for another judge such powers as are conferred by said Section 36 of the Code of Civil Procedure would be constitutional. While the constitutionality of this section of our Code has never been passed upon by this Court, yet we find that in other states acts granting like powers have been held to be consistent with constitutional provisions, the same as, or similar to, those of Section 12 of Article VIII of our own Constitution. (*Gardner* v. *Jones, Judge*, 126 Cal. 614, 59 Pac. 126; *Gould* v. *Duluth & Dakota Elevator Co.*, supra; *Holden* v. *Haserodt*, supra.)

As to the second ground urged by counsel for the dismissal of this appeal, we are of the opinion that under the circumstances of the case, and upon the showing made, the motion to dismiss must be denied upon this ground also; this, upon the condition, however, that appellant files in this Court and serves upon respondents briefs in her behalf within 30 days from the date hereof.

*Denied.*

## ON MOTION FOR A REHEARING.

[Decided Nov. 8, 1900.]

PER CURIAM.—The respondents move for a rehearing of their motion to strike out the statement of the appellant upon the ground, as alleged, that the question presented by the motion is, whether or not a judge of one district who holds court for another judge may, after he returns to his own district, make orders in cases tried before him while presiding in the other district. It is now insisted that the authority granted or recognized by the provision of Section 1821 of the Code of Civil Procedure, that "orders made out of court may be made by the judge of the court in any part of the state," is confined to the regularly elected or appointed judge of the district court wherein the action is pending in which chamber orders are made,—in short, the position of the respondents is that the use of the definite article "the," immediately preceding and qualifying "judge of the court," is to be understood as referring only to the regular judge of the district court and as excluding a judge of another district who tries an action in a district court other than his own.

In our opinion this argument is without merit. While the question suggested in the motion for a rehearing was not expressly considered or dwelt upon in the opinion heretofore filed in the case at bar, it nevertheless was given due attention and was necessarily decided. To the end that no misapprehension may exist in respect of our views, we deem it proper to say that the provision of Section 1821 *quoted* must be interpreted in the light of the other provisions of that section and of the provisions of Section 12 of Article VIII of the Constitution, and of the provisions of Sections 36, 170, 171 and 190 of the Code of Civil Procedure, which are referred to in the original opinion. So interpreting the last sentence of Section 1821, quoted *supra*, it seems quite manifest that the judge of one district may in any part of the state make chamber orders in a cause pending in another district in which

other district such judge acts with respect to that cause as the judge of the court. Although not the judge of the court elected or appointed to that office, such judge is the judge of the district court for that district with respect to such a cause and all orders which might be made therein, either in court or at chambers, were the regular judge of that district qualified and sitting. He has the same power touching the cause as the judge of the district would have if the matter properly came before him. For this view we also find support in the provisions of Section 2530 of the Code of Civil Procedure as amended by Senate Bill No. 42 of the Fifth Legislative Assembly (Session Laws of 1897, page 244). This section, after enumerating the causes which disqualify a judge from sitting in probate matters, provides: "Whenever it shall be made to appear of record that any judge presiding in any court in which proceedings in probate matters have been or are about to be instituted is disqualified from acting therein it shall be the duty of such judge to as soon thereafter as practicable request the nearest district judge to preside in the place of the judge so disqualified in such proceedings. It shall be the duty of the judge so requested, if he [is] not himself disqualified, to, from time to time as occasion may require, preside in the place of the disqualified judge in all proceedings in such probate matters." The last sentence quoted, though clumsily framed, constitutes the acting judge, or the judge acting in place of the disqualified judge, the judge of the court in so far as the particular probate proceeding is concerned from the time of its institution until it is finally concluded. If, after reading the other sections above cited and the provision of the Constitution, any doubt remain, this provision should cause all such doubt to disappear.

The motion for a rehearing is therefore denied.

*Denied.*

MR. JUSTICE WORD, being absent, does not participate in this opinion.