STATE ex rel. SULLIVAN et al., Relators, v. DISTRICT COURT of SECOND JUDICIAL DISTRICT in and for SILVER BOW COUNTY et al., Respondents.

No. 8838.

Submitted June 14, 1948.   Decided June 26, 1948.

196 Pac. (2d) 452.

Mr. John K. Claxton, of Butte, for relators. Mr. Claxton argued the cause orally.

Mr. H. D. Carmichael, of Butte, for respondents. Mr. Carmichael argued the cause orally.

MR. JUSTICE CHOATE delivered the opinion of the court.

Original proceeding. On relators' petition this court issued its writ directing the district court of the second judicial district of the state of Montana, in and for the county of Silver Bow, and the Honorable William R. Taylor, as judge presiding therein, to certify to this court the record and proceedings had and done in Cause No. 43819 in said district court.

On May 11, 1948, the relators filed in said district court and

presented to the Honorable T. E. Downey, judge presiding in department No. 2 thereof, a duly verified accusation in writing for the removal from office of Addis A. McGrath as clerk and recorder of Silver Bow county, Montana, pursuant to the provisions of section 11702, Revised Codes of Montana 1935.

Upon the presentation of said accusation to him, the Honorable T. E. Downey as judge of said court made and entered an order citing said clerk and recorder to appear before said court on the 22nd day of May 1948 at the hour of ten o'clock a. m. to make his answer to said accusation. Thereafter on the same day, Judge Downey made and entered an order disqualifying himself in said cause calling in the Honorable Jeremiah J. Lynch, judge presiding in department No. 1 of said district court, and transferring said cause to such department.

On May 20, 1948, Judge Lynch made and entered an order disqualifying himself from presiding in said cause and calling in the Honorable William R. Taylor, judge of the third judicial district of the state of Montana, to preside in said cause.

Judge Taylor accepted jurisdiction and on May 21, 1948, made and entered an order continuing the hearing on the citation to May 26, 1948, at which time counsel for the clerk and recorder presented a motion to quash the citation.

*Motion to Quash citation.* On May 29, 1948, Judge Taylor made and entered an order granting the motion to quash the citation upon the ground that it was void in that the defendant clerk and recorder was cited to appear before the court more than ten days from the time the accusation was presented on May 11, 1948, and therefore fails to conform or comply with provisions of section 11702, Revised Codes of Montana 1935.

If the day of issuance (May 11th) and the return day (May 22nd) be excluded then no more than ten full days elapsed between the issuance of the citation and the return date thereof and the citation would conform with section 11702 which provides that "the court must cite the party charged to appear before the court at a time not more than ten nor less than five days from the time the accusation was presented."

Section 9894, Revised Codes, provides for the return of process in actions of forcible entry and detainer, being summary proceedings, providing: "Upon filing the complaint, a summons must be issued thereon as in other cases, returnable at a date designated therein, which shall not be less than four days nor more than twelve days from its date."

In State ex rel. St. George v. Justice Court, 80 Mont. 53, 257 Pac. 1034, this court in construing section 9894, Revised Codes, held that the rule of excluding the first and including the last day as provided in section 10707, Revised Codes, did not apply to such summary proceeding and that in the computation both the first and last days should be excluded, citing in support of such holding more than thirty decisions from most able courts.

The St. George case, supra, is cited by this court with approval in State ex rel. Bevan v. Mountjoy, 82 Mont. 594, 268, Pac. 558, 559, holding that under the primary election law requiring nominating petitions to be filed "not less than forty days before the date of the primary election," a petition filed on June 7th for the primary election to be held on July 17th was too late as both the first and the last days should be excluded from the computation.

In the later case of Novack v. Pericich, 90 Mont. 91, 300 Pac. 240, this court followed the St. George and Bevan cases, supra, two members of the court concurring under the doctrine of stare decisis.

The above three cases are discussed by this court in Re Easterly's Estate, 97 Mont. 206, 34 Pac. (2d) 539, in which case the court commented upon subdivision 2 of section 9632, Revised Codes, requiring that process "shall be served at least four days before the time for appearance." While in the instant case section 11702, Revised Codes, provides that the court must cite the party to appear "at a time not more than ten nor less than five days from the time the accusation was presented," which brings the case at bar within the rule announced in the St. George, Bevan and Novack cases, supra, whereby

both the first and last days must be excluded in computing the time.

"Further, where it is provided that a certain result shall not accrue until after the expiration of a given number of days from a stated date, then both the first and last days must be excluded, so that the full number of days will be allowed." 52 Am. Jur., p. 343, sec. 17. See also Heuck v. State ex rel. Mack, 127 Ohio St. 247, 187 N. E. 869; Halbert v. San Saba Springs Land & Live Stock Ass'n, 89 Tex. 230, 34 S. W. 639, 49 L. R. A. 193, and note in 15 L. R. A., N. S., p. 686.

In view of the conflict in the decisions from other jurisdictions and the various decisions of this court holding that both the first and the last days should be excluded, we are constrained to hold that under the doctrine of stare decisis the rule followed in the St George, Bevan and Novack cases applies to the construction of section 11702 and therefore that the trial court erred in sustaining the defendant's motion to quash the citation. Further, it would seem that the portion of section 11702 providing that the court must cite the party to appear "at a time not more than ten nor less than five days from the time the accusation was presented" is directory rather than mandatory and that its purpose is to provide a system for the prompt and orderly dispatch of the proceedings. The provisions of our Codes "are to be liberally construed with a view to effect their objects and to promote justice." Sec. 4, Rev. Codes 1935.

"In many cases, statutory provisions as to the precise time * * * are not regarded as of the essence, but are regarded as directory merely" 50 Am. Jur., p. 46, sec. 23. Again: "A statutory provision is generally regarded as directory where a failure of performance will result in no injury or prejudice to the substantial right of the interested persons, and as mandatory where such injury or prejudice will result." 50 Am. Jur., p. 49, sec. 26. See also State ex rel. Jaumotte v. Zimmerman, 105 Mont. 464, 73 Pac. (2d) 548; Crane v. Board of Supervisors of Los Angeles, 17 Cal. App. (2d) 360, 62 Pac. (2d) 189; State

ex rel. Wight v. Park City School District, 43 Utah 61, 133 Pac. 128; Sutherland Statutory Construction, 3rd Ed., sec. 5808, notes 9 to 11; sec. 5810, notes 4 and 5; and sec. 5816.

In State ex rel. Odenwald v. District Court, 98 Mont. 1, 38 Pac. (2d) 269, 274, this court held that the provision in section 11702, Revised Codes, providing that the court must proceed to hearing in a summary manner or trial on some "day not more than forty days from the date on which the accusation was presented" was "in no sense a statute of limitation against the prosecution of the charges made," and we can see no reason why this same rule of construction should not apply to the "not more than ten nor less than five days" provision in the same section.

Reviewing this subject at some length, the California case of Crane v. Board of Supervisors of Los Angeles County, supra, states the law as follows [17 Cal. App. (2d) 360, 62 Pac. (2d) 193]: "* * * the authorities indicate that the specified act should be regarded as directory if it is immaterial in that its consequence amounts merely to matter of form, possible convenience, or to expeditious or orderly 'conduct of business'; and especially so when a failure of performance of such act will result in no injury or prejudice to the substantial rights of interested persons. 59 Cor. Jur. 1074; 25 R. C. L. 767; Sutherland on Statutory Construction, p. 575; In re Johnson's Estate, 98 Cal. 531, 33 Pac. 460, 21 L. R. A. 380; Derby & Co. v. City of Modesto, 104 Cal. 515, 38 Pac. 900; Ryan v. Bryam, 4 Cal. (2d) 596, 51 Pac. (2d) 872; Kavanaugh v. Fash, 10 Cir., 74 F. (2d) 435; Winston Co. v. Vaughan, D. C., 11 F. Supp. 954."

*Disqualification of Judge Taylor.* On June 2, 1948, relators ■ filed an affidavit disqualifying Judge Taylor for implied bias. Despite some earlier decisions of this court in which contrary expressions, chiefly by way of dicta, may be found, it is now the holding of this court that proceedings for the removal of a public officer under section 11702, supra, are not quasi-criminal and are not governed by the rules of pleading and practice in criminal actions. State ex rel. King v. District

Court, 95 Mont. 400-404, 26 Pac. (2d) 966. In State ex rel. Odenwald v. District Court, supra, Mr. Justice Mathews considered at some length the several decisions of the court on this question, including the King case, supra, and the court held that all steps other than those on the trial in a prosecution under section 11702 are governed by the rules of practice in civil cases.

In State ex rel. King v. Smith, 98 Mont. 171, 38 Pac. (2d) 274, 277, this court again announced the same rule, as follows: "The rules of pleading obtaining in cases brought under section 11702, except as therein otherwise provided, are those applicable to ordinary civil actions." (Citing other Montana cases.)

In view of the applicability of the rules of pleading in ordinary civil actions to proceedings brought for the removal of officers under section 11702, we are of the opinion, and we so hold, that the provisions of subdivision 4 of section 8868, Revised Codes of Montana 1935, relating to the disqualification of judges, which section provides that it is applicable to "any action or proceeding," may be invoked in actions for the removal of public officers under section 11702.

It should be noted in passing, however, that this rule does not apply to prosecutions under said section for the charging and collecting of illegal fees or salaries, which charges are required to be conducted in the same manner as the trial of an indictment for a misdemeanor. The effect of filing an affidavit of disqualification for bias or prejudice under subdivision 4 of section 8868, Revised Codes of 1935, has been repeatedly stated by this court. Our latest pronouncement upon this question was in Matter of the Organization of the Woodside-Florence Irrigation District, 194 Pac. (2d) 241. In that case we reviewed at length the many earlier decisions of this court and restated the rule that upon the filing of the affidavit, the judge as to whom said disqualification is averred is without authority to act further in the action, motion or proceeding, except as to the doing of the purely ministerial acts of arranging the calendar,

regulating the order of business, calling in another judge, or transferring the case if a transfer is proper. The position taken by Judge Taylor accords with the statute as we have interpreted it. He now possesses no authority to proceed further in hearing the case.

Since the filing of said disqualifying affidavit against Judge Taylor has divested him of jurisdiction in the cause, it is now the duty of the district court of Silver Bow county, Montana, acting by and through the district judge who regularly presides in department No. 1 of said court in which this action is pending and who called in Judge Taylor to preside in said cause, to call in another district judge to preside therein. Upon the calling in of another district judge to preside in this case and upon his accepting jurisdiction, it will be his duty to disregard as a nullity the order entered by Judge Taylor granting the motion to quash the citation in said cause No. 43189 and to fix an early date for the defendant to appear and make answer to the citation heretofore issued in said cause and thereafter to hear said cause.

Let the writ issue forthwith. Each party to bear his own costs in this original proceeding in this court.

Mr. Chief Justice Adair and Associate Justices Gibson and Metcalf concur.

Mr. Justice Angstman (concurring in result).

I concur in the result announced in the foregoing opinion but not with all that is said in it.

I do not agree with that part of the opinion which holds that the order made on May 11, 1948, requiring appearance on the 22nd day of May, was in compliance with section 11702 providing that, "the court must cite the party charged to appear before the court at a time not more than ten * * * days from the time the accusation was presented."

If we exclude the 11th of May, then ten full days thereafter expired at midnight on May 21st and the citation to appear on the 22nd was at a time more than ten days from the time the accusation was presented.

I concur in what is said on the directory feature of section 11702.

I also concur in the view that Judge Taylor was and is disqualified but in order to reach the conclusion that he is disqualified, I think we are by necessary implication overruling the majority opinion in the case of State ex rel. Stefonick v. District Court, 117 Mont. 86, 157 Pac. (2d) 96, and I agree that the majority opinion in that case should be overruled but I think it should be done expressly.