McLEOD, Respondent, v. McLEOD, Appellant.
No. 9121.
Submitted January 18, 1952. Decided April 21, 1952.
243 Pac. (2d) 321.

Messrs. Poore and Poore, Butte, for appellant.

Mr. Theodore F. McFadden and Mr. Leonard A. Schulz, Dillon, for respondent.

Mr. James A. Poore, Jr., and Mr. Schulz argued orally.

MR. JUSTICE ANGSTMAN:

On February 7, 1949, plaintiff was granted a decree of divorce from defendant in the district court of the fifth district of Beaverhead county, and defendant was ordered to pay plaintiff the sum of $200 per month as alimony commencing on February 10th, and payable on the 10th day of each month thereafter.

Payments were made until the one due on December 10, 1950. Before it became delinquent defendant moved the court to modify the decree of divorce with respect to alimony.

The Hon. William R. Taylor of Anaconda was called to try the divorce action, the Hon. Lyman H. Bennett, the resident judge of the fifth district, having been disqualified. Without any further order Judge Taylor also presided at the hearing on the motion for modification. On December 22, 1950, Judge Taylor denied the motion for modification. In January 1951 defendant filed another motion to modify the decree with respect to alimony. Defendant thereafter filed an affidavit of disqualification against Judge Taylor for imputed bias, and the Hon. George W. Padbury of the first district was called in to preside at the hearing. He likewise denied the motion to modify the decree.

This appeal is from the order made by Judge Padbury.

At the outset we are confronted with a motion to dismiss the appeal upon the ground that Judge Padbury had no jurisdiction in the case. It is contended that if he had no jurisdiction to hear the motion and to make the order, then this court has acquired no jurisdiction. The contention is based upon the holding of this court in State ex rel. Stefonick v. District Court, 117 Mont. 86, 157 Pac. (2d) 96. In that case this court held that if a party desires to disqualify a judge, who,

upon disqualification of the local judge, has been called in to assume jurisdiction of a cause, he must do so within three days after receipt of notice that such judge has assumed jurisdiction of the case.

That case supports plaintiff's contention that Judge Padbury had no jurisdiction in the case. But this court in the later case of State ex rel. Sullivan v. District Court, 122 Mont. 1, 196 Pac. (2d) 452, reached a contrary conclusion and held that a judge who had been called in and assumed jurisdiction of a case could be disqualified to hear a separate proceeding therein, long after he had actually exercised jurisdiction on other matters in the case. Though the Sullivan Case does not refer to the Stefonick Case, it reaches a contrary conclusion and by necessary implication overrules the holding in the Stefonick Case.

Judge Padbury had jurisdiction in the case, and in consequence this court has jurisdiction of the appeal, and plaintiff's motion to dismiss is denied.

Judge Padbury found in his order denying the motion that ▉ there is no substantial change in the financial status of defendant, and that the Hon. William R. Taylor having passed upon the same matters, the question so far as the district court is concerned has been settled. It is the contention of defendant that Judge Taylor had no jurisdiction to hear the first motion and hence that Judge Padbury erred in holding that the matter was settled so far as the district court is concerned by Judge Taylor's order.

Defendant's counsel rely upon the case of State ex rel. Mannix v. District Court, 51 Mont. 310, 152 Pac. 753. That case, however, is distinguishable from the one at bar. In that case Judge Clements from Helena was called in to hear some matters for Judge Matthews in Townsend. Judge Matthews was not disqualified as was Judge Bennett here. In the Mannix case Judge Clements, after hearing the matters in Townsend which he was requested to hear made an order in an estate matter which was not connected with the matters which he was asked to dispose of. After returning to Helena, he made further orders in this

estate matter. The court properly held that the orders made in Helena were in excess of jurisdiction.

No such facts are presented here. Here Judge Bennett was disqualified. Judge Taylor was called in to assume jurisdiction over the entire case. In the Mannix case the court recognized the difference between that case and one where the local judge has been disqualified by saying [51 Mont. 310, 152 Pac. 756] : "When a judge has been substituted for the local judge because of disqualification of the latter in a probate proceeding as to that proceeding the substituted judge must, under section 7484, supra [Rev. Codes, 1907], preside therein until it has been concluded. This the statute declares to be his duty. As to this matter his power at chambers is defined by the statute. So again, if, under the same condition, a trial in a civil case has been conducted to final judgment by a substituted judge, he may, until the motion for new trial proceedings and the like are disposed of, make at chambers in his own district such *ex parte* orders relating to extensions of time and the like as may be necessary. Farleigh v. Kelly, 24 Mont. 369, 62 Pac. 495, 685. He may, if the local judge is disqualified, dispose of the motion for a new trial. Rev. Codes, sec. 7140. It may also be that, though the local judge may not have been disqualified in a civil case, the judge who presided at the trial should, if not himself disqualified in the meantime, properly conduct to a conclusion the proceedings on motion for a new trial, because he is best qualified to hear and dispose of them. Having assumed to conduct the case to judgment, it would seem that he must of necessity make a complete disposition of it so far as the trial court is concerned."

The only other question is whether Judge Padbury was correct in his finding that there had been no change in the financial status of defendant.

Thirty-five days after Judge Taylor's order was made, defendant filed his second motion to modify the decree with respect to alimony. Since Judge Taylor had jurisdiction to hear the first motion and since no appeal was taken from the order made by him, Judge Padbury properly considered only

the question whether there was a substantial change in the financial status of defendant after the order made by Judge Taylor and properly concluded that there was no substantial change in his financial status.

But if Judge Padbury were permitted to consider the question ▮ whether there had been a substantial change in defendant's financial status since the divorce decree, and thus to reconsider questions passed upon by Judge Taylor, the result would be the same.

The affidavit in support of the motion to modify the decree with respect to alimony sets forth in substance that defendant paid the alimony required by the decree until December 10, 1950, and alleges inability to obtain the money with which to make the payments since that time; it sets forth that under a contract of sale of property near Livingston there is a balance of $32,852.05 principal, plus interest, due him; that he has two small houses in Livingston from which he receives $65 per month rental; certain placer mining property and equipment in Beaverhead county; that all of the property is subject to a lien for alimony and *lis pendens* in an action by plaintiff against defendant, in which plaintiff claims a one-half interest in the property in both Park and Beaverhead counties; that he has tried without success to collect under the contract for sale; that there was past due at the time of making the affidavit the sum of $7,052.05 principal and interest under that contract; that he has tried to sell or borrow on his interest in the property but without success; that he has served notice on the purchaser under the contract for sale that the contract is terminated for default of payments, but has been advised that the purchaser will litigate the matter contending that defendant cannot give good title because of the suit pending by plaintiff against him; that plaintiff is capable of earning her own living and derives income from property in Spokane, Washington.

Evidence was introduced supporting the allegations set out in the affidavit. Norman Fahlgren is the person who has purchased the property in Livingston; there is due about $34,000

plus some interest under that contract. The mining property in Beaverhead county is not being operated because he ran out of money. When the divorce action was tried, he had $2400 in cash and $1100 in bonds; at the time of the hearing he had about $125 or $130 in his pocket; he had no other liquid assets; he tried to help Fahlgren borrow money but could not on account of plaintiff's suit to quiet title; the mining property has not produced for a few years; he ran out of capital to operate it and it was operated at a loss; Fahlgren has started an action against plaintiff and defendant to have it determined to whom he should make payments under the contract.

The record shows that plaintiff offered to make arrangements whereby one-half of the payments owing by Fahlgren could be made to defendant and the other one-half paid into court to await legal determination as to who was entitled to it.

Defendant is still the owner of the same property which he owned when the divorce action was tried. He then asserted that it was worth about $78,000. He has collected on the Fahlgren contract principal and interest amounting to $5,847.95. The mining property is not being operated but it was operating at a loss when the divorce action was tried and for some time prior thereto.

There was no abuse of discretion in the finding that there has been no substantial change in the financial status of defendant, justifying a modification of the decree awarding alimony. The mere pendency of the suit to quiet title to a one-half interest in the property in plaintiff does not show a change in defendant's financial status.

What the result might be if that suit is eventually decided in favor of plaintiff is not now before us.

The order appealed from is affirmed.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES METCALF, BOTTOMLY and FREEBOURN, concur.