STATE ex rel. O'SULLIVAN, Relatrix, v. DISTRICT COURT of TENTH JUDICIAL DISTRICT, in and for FERGUS COUNTY, et al., Respondents.

No. 9292.

Submitted May 1, 1953. Decided May 8, 1953.

256 Pac. (2d) 1076.

Mr. Emmet O'Sullivan, Harlowton, for relatrix.

Mr. Floyd O. Small and Mr. Clayton R. Herron, Helena, for respondents.

Mr. O'Sullivan, Mr. Herron and Mr. Small argued orally.

MR. JUSTICE ANGSTMAN:

This is an original application for a writ of mandate to require

Judge McConochie to call in Judge Watts of Musselshell county to preside over a certain probate proceeding pending in Fergus county. The facts set out in the application are these: George L. Lux died in November 1944 in Fergus county, leaving a last will and testament devising and bequeathing his property to his nine brothers and sisters, share and share alike and in which Katherine Simpson was named as executrix; by agreement the will was admitted to probate and Katherine Simpson was appointed as executrix; thereafter and in August 1946 relatrix as one of the legatees and devisees filed an affidavit disqualifying Judge McConochie the resident judge, on the ground of imputed bias and prejudice; in July 1947 Judge McConochie made an order calling in Judge Derry of Yellowstone county to preside in the probate matter, who thereupon assumed jurisdiction; in December 1952 Judge Derry made an order withdrawing from the case; relatrix thereafter through her counsel made repeated requests of Judge McConochie that he appoint Judge Watts under R. C. M. 1947, sec. 91-2001, to assume jurisdiction in the proceeding, as he is the judge nearest to Lewistown; although there were matters in said estate ready for hearing and although Judge McConochie promised to call in another judge to hear them, he did not do so and on April 13, 1953, relatrix made this application to this court; on April 14th, and before this court issued its alternative writ, Judge McConochie made an order appointing Judge Watts to assume jurisdiction in the estate.

Counsel for relatrix contends, however, that he has not yet received that which he sought and which he is entitled to because Judge McConochie made his order under R. C. M. 1947, sec. 93-901, instead of under R. C. M. 1947, sec. 91-2001, and in consequence he is fearful that Judge Watts may in the passage of time find it to his advantage to relinquish jurisdiction as did Judge Derry. That, he contends, is the effect of an appointment under section 93-901, whereas he contends when the appointment is made under section 91-2001 the judge assuming jurisdiction must see it through to a conclusion, and relatrix

desires to procure the appointment of a judge who will retain jurisdiction throughout the proceeding.

Is relatrix entitled to the appointment of a judge under R. C. M. 1947, sec. 91-2001? That section reads: "No will shall be admitted to probate, or letters testamentary or of administration granted, before any judge who is interested as next of kin to the decedent, or as legatee or devisee under the will, or when he is named as executor or trustee in the will, or is a witness thereto, and any judge who shall have acted as attorney for the decedent in the preparation or drawing of the will, or as the attorney of the executor or administrator of the estate of any deceased person, in the administration of the estate of such deceased person, or as the attorney of any legatee or devisee under the will, or heir of the decedent, or of any person or persons claiming to be such legatee, devisee, or heir, shall, from and after the approval of this act, be disqualified from making any order, or rendering any judgment or decree, or doing anything whatsoever in the matter of the estate of such deceased person. Whenever it shall be made to appear of record that any judge presiding in any court in which proceedings in probate matters have been, or are about to be, instituted, is disqualified from acting therein, it shall be the duty of such judge to, as soon thereafter as practicable, request the nearest district judge to preside in the place of the judge so disqualified in such proceedings. It shall be the duty of the judge so requested, if he be not himself disqualified, to, from time to time as occasion may require, preside in the place of the disqualified judge in all proceedings in such probate matters."

It is to be noted that this section in substance and effect disqualifies a judge when he is interested in the estate or has served as attorney for an interested party. It has nothing to do with disqualification for imputed bias or prejudice.

Counsel for relatrix relies upon the case of State ex rel. Nissler v. Donlan, 32 Mont. 256, 80 Pac. 244, 247, as sustaining his right to the appointment of Judge Watts under R. C. M. 1947, sec. 91-2001. In that case the court said: "Section 180

[Code Civ. Proc. 1895, now R. C. M. 1947, sec. 93-901], as amended, therefore, must apply to all proceedings provided for in the Code of Civil Procedure, unless a special provision is found in some part of it in conflict with that section, or the nature of the proceeding does not permit such application. Nor is section 2530, supra [Code of Civ. Proc. 1895, now R. C. M. 1947, sec. 91-2001], either as first enacted or as amended (Sess. Laws 1897, p. 244), in conflict with any provision contained therein. Such additional disqualifications as are declared in the act of 1897 are to be regarded as merely cumulative in character, and not exclusive.''

The contention made in the Nissler case was that disqualification of a judge for imputed bias and prejudice under what is now R. C. M. 1947, sec. 93-901, could not be made in a probate matter. The language of the court above referred to is an answer to that contention and the court merely held that a judge may be disqualified for imputed bias and prejudice in a probate matter.

Neither that case nor any other that has been brought to our attention holds that when a judge is disqualified for imputed bias and prejudice in a probate matter, he must act under section 91-2001 in calling in the nearest district judge to preside in the matter. Judge McConochie acted properly when disqualified for imputed bias and prejudice under section 93-901 in calling in another judge under that section. Section 91-2001 has no application when the disqualification is for imputed bias and prejudice.

The only other question presented is whether relatrix is entitled to attorneys' fees as damages, and if so, how much.

R. C. M. 1947, sec. 93-9112, provides in part: ''If judgment be given for the applicant, he may recover the damages which he has sustained, as found by the jury, or as may be determined by the court or referees, upon a reference to be ordered, together with costs; and for such damages and costs an execution may issue; and a peremptory mandate must also be awarded without delay. * * *''

Attorneys' fees are damages within the meaning of this statute. State ex rel. Lynch v. Batani, 103 Mont. 353, 62 Pac. (2d) 565; State ex rel. Gebhardt v. City Council of City of Helena, 102 Mont. 27, 55 Pac. (2d) 671; State ex rel. Shea v. Cocking, 66 Mont. 169, 213 Pac. 594, 28 A. L. R. 772.

Does the fact that the court made the order sought, after the institution of the proceedings but before a hearing was had, affect the right of relatrix to damages and costs? This same question was before the Supreme Court of Kansas under a section substantially the same as our section 93-9112 and that court in Nolte v. Kansas City Long Distance Tel. Co., 86 Kan. 770, 121 Pac. 1111, 1112, said:

"Section 723 of the Civil Code (Gen. St. 1909, sec. 6319) is cited as the only authority for rendering a judgment for the recovery of damages in an action of mandamus. It reads: 'If judgment be given for plaintiff, he shall recover the damages which he shall have sustained, to be ascertained by the court or jury, or by referees, as in a civil action, and costs; and a peremptory mandamus shall also be granted to him without delay.' The only question is whether the defendant in such an action can defeat the plaintiff's right to recover the damages he has theretofore suffered by complying with the demand after the action is brought and before the time set for the hearing for the peremptory writ.

"The appellant concedes that the court, in its discretion, could tax the costs of the proceeding to the appellant. In McClure v. Scates, 64 Kan. 282, 67 Pac. 856, it is decided that the plaintiff in such an action may, 'in the same proceeding and as a part of his remedy, recover such damages as he has actually sustained through the wrongdoing of the defendants'; also that the attorney's fees and other expenses necessarily incurred are included in such damages. See, also, Larabee [Flour Mills Co.] v. [Missouri Pacific] Railway Co., 85 Kan. 214, 116 Pac. 901. Indeed, it is quite customary, in original actions of mandamus in this court, to allow the petitioner, if successful, to recover attorney's fees and other expenses as damages. This does not

usually appear in the opinions filed, for the reason that such allowances are made, after the decisions are filed, upon motion.

"It is true that judgment was not rendered in favor of the appellee for one part of the remedy to which she was entitled, for the reason before stated. But the findings were in favor of the appellee, and there is the same authority under the section quoted for the court to ascertain and render judgment for the damages sustained as there is for assessing the costs against the appellant, and it would appear to be a travesty on justice that the defendant in an action could satisfy part of the remedy to which the plaintiff was entitled and thereby prevent the recovery of another part."

In that case the court sustained a $50 attorney's fee. The ruling in that case was adhered to under somewhat similar circumstances in Columbia Knickerbocker Trust Co. v. Finney, 93 Kan. 302, 144 Pac. 222.

Relatrix here is seeking the sum of $650 costs and damages of which $500 is claimed as attorneys' fees. At the hearing counsel for relatrix claimed costs for traveling from Harlowton to Lewistown and return several times to consult Judge McConochie about calling in a judge and for living expenses while thus traveling. It is our view that this was a matter that should have been attended to by letter or telephone and is not a proper item of costs incident to the institution of the mandamus proceeding.

The court finds that a reasonable attorneys' fee, 'costs and damages for instituting and prosecuting this proceeding is the sum of $250 and further determines that Judge McConochie appeared in this proceeding and made return thereto and defense therein in good faith.

Relatrix is accordingly entitled to judgment in the sum of $250 as costs and damages.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES BOTTOMLY, FREEBOURN, and ANDERSON, concur.

## Order

PER CURIAM.

It is ordered that relatrix's memorandum of costs and disbursements be disallowed as included in the opinion heretofore rendered herein.