STATE OF MONTANA, EX REL. G. A. MILLER AND J. H. HAWKINS, INDIVIDUALLY AND AS COPARTNERS DOING BUSINESS UNDER THE FIRM NAME OF KALISPELL LUMBER COMPANY, A CO-PARTNERSHIP, RELATORS, VS. THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD AND THE HON. VICTOR H. FALL, PRESIDING DISTRICT JUDGE OF SAID COURT, RE-SPONDENTS.

No. 9659.
Submitted February 21, 1956. Decided March 16, 1956.
294 Pac. (2d) 903.

Messrs. Rockwood and Sykes, Kalispell, for relator.
Mr. Forrest C. Rockwood argued orally.

MR. JUSTICE ANGSTMAN:

Upon petition of relators this court issued an alternative writ

of prohibition returnable on February 14, 1956, at 10 o'clock a.m. Subsequently the return day was continued until February 21, 1956.

The petition of relators complained that respondent judge, the Honorable Victor H. Fall, threatens to proceed to hear and decide demurrers in a certain action pending in the respondent court, after he had been disqualified for imputed bias and prejudice, it having been found by the resident judge of the respondent court that the affidavit of disqualification directed against Judge Fall came too late.

Before the matter was heard in this court on February 21, 1956, Judge Fall filed in the district court an admission that he was disqualified in time and that he would not take part in any further proceedings in the case pending in respondent court. A certified copy of Judge Fall's admission was filed in this court.

Accordingly the alternative writ is hereby dissolved. The ■ respondent court will therefore proceed to secure some other district judge to assume jurisdiction of said cause and to proceed therein to hear and dispose of whatever matters may be presented for determination.

We do not disagree with the authorities cited in the dissenting opinion touching upon the effect of a timely affidavit of disqualification directed against a district judge, as here, nor do we question the jurisdiction of this court to decide the questions raised by the application.

When the questions presented are conceded, as here, we fail to see any useful purpose in discussing them.

As to damages, including attorney's fees, the statute allows ■ them under certain circumstances in a mandamus proceeding, R.C.M. 1947, chapter 93-9112, and also in prohibition proceedings, chapter 93-9204. The first condition to their recovery is that they be claimed in the pleadings. State ex rel. Phillips v. Ford, 116 Mont. 190, 151 Pac. (2d) 171. If they are not claimed in the pleadings, they are waived. State ex rel. Golden Valley County v. District Court, 75 Mont. 122, 242 Pac. 421.

Here the pleadings make no reference to damages or attorney's fees and no attempt was made to amend the petition in that respect.

Relators are entitled to their costs incurred in this proceeding.

MR. JUSTICE ANDERSON, concurs.

MR. JUSTICE DAVIS:

I concur in the opinion by Mr. Justice Angstman, fundamentally, because I see no good reason for the issuance of a peremptory writ requiring Judge Fall to refrain from doing what he now has no intention of doing at all. True the manner of his return made in this court to our alternative writ is irregular. He should have filed here his admission that he was disqualified in the case below, i. e., by making the formal return to this court contemplated by R.C.M. 1947, sections 93-9204, 93-9106. Perhaps he is amenable in some way to this court for charting his own course in making this admission of his disqualification a matter of record in the district court rather than by following the procedure prescribed by the statute.

Even so, I am not at all satisfied from anything before me that Judge Fall actually disregarded at any point the restraint which our alternative writ laid upon him; and, if he did step beyond bounds in any particular, I am entirely certain there is nothing anywhere in this record to indicate that in doing so he acted other than in entire good faith.

But whether I am right or wrong in these comments upon what Judge Fall did, I have no doubt he has, by acknowledging his disqualification as he did, left us no substantial grounds for issuing a peremptory writ of prohibition, which could only forbid action where admittedly no action is contemplated and which now would serve no purpose of any kind.

I think the alternative writ issued is accordingly properly dissolved, and for the reasons given by Mr. Justice Angstman that the relator should have his costs, but without an award of damages or attorney's fees.

68

MR. CHIEF JUSTICE ADAIR: (dissenting).

On December 30, 1954, G. A. Miller and J. H. Hawkins, plaintiffs, commenced a civil action in the district court for Flathead County against the defendants Frances R. Schrock, the Board of County Commissioners of Flathead County and others.

On February 23, 1955, the defendants Schrock and the Board of County Commissioners made separate appearances in the action,—the Board by written motion to strike designated portions from plaintiffs' complaint and Schrock by written motion to make the complaint more definite and certain and to separately state and number certain allegations thereof.

*Disqualification of Judge King.* The defendant Schrock also filed in the action on February 23, 1955, an affidavit disqualifying the Honorable Dean King, the judge presiding, for imputed bias and prejudice.

On June 1, Judge King made an order calling in the Honorable Victor H. Fall, a judge for the first judicial district of the State of Montana, and on June 3, Judge Fall, by written order, accepted the call and assumed jurisdiction in the cause.

On July 5, the defendants' motions directed against plaintiffs' complaint were orally argued before Judge Fall and by him sustained.

*Disqualification of Judge Fall.* On July 26, plaintiffs served and filed an amended complaint and, on the same day, the plaintiff Miller filed an affidavit disqualifying Judge Fall for imputed bias and prejudice. The mere filing of such affidavit ipso facto worked the immediate disqualification of Judge Fall and effectively and completely divested him of all authority and jurisdiction to act further in the action. R.C.M. 1947, chapter 93-901; In re Woodside-Florence Irrigation District, 121 Mont. 346, 352, 375, 194 Pac. (2d) 241.

The defendant Board, on July 30, and the defendant Schrock, on August 5, filed separate demurrers to plaintiffs' amended complaint.

On September 10, Judge King made an order calling in the Honorable J. R. Loucks, the district judge of the fifteenth judicial district of the State of Montana, and requesting Judge Loucks to assume jurisdiction in the action and to hear and determine the matters to arise therein.

On September 19, Judge King made another order cancelling and setting aside as void, his previous order of September 10 calling in Judge Loucks, on the ground and "for the reason that the affidavit purporting to disqualify Judge Fall came too late". Judge King's order of September 19 further states that, "Judge Fall is requested to continue in charge of the above action."

On December 27, 1955, Judge Fall made and caused to be filed a written order setting the defendants' separate demurrers to plaintiffs' amended complaint for hearing before him on February 16, 1956.

No appeal lies from Judge Fall's above order of December 27 and, to arrest the proceedings about to be taken against them thereunder, the plaintiffs as relators filed in this court their joint affidavit and application invoking this court's original jurisdiction to issue a writ of prohibition to prevent and prohibit Judge Fall, respondent herein, from hearing, trying or deciding the aforesaid demurrers and any and all other matters and issues in the action.

On February 3, 1956, after considering relators' application for the writ and hearing the oral argument of relators' counsel thereon, this court accepted and exercised jurisdiction by issuing and causing to be served upon the respondent district judge and upon the clerk of the respondent district court, an alternative writ of prohibition commanding that on February 14, 1956, respondents show cause before this court why they should not be permanently restrained and prohibited from taking any further action or proceeding in the cause and further commanding that in the meantime they "cease and desist and refrain from any other proceedings upon and in connection with said cause * * * until further order of this court thereon."

The alternative writ of prohibition so issued out of this court was personally served upon Judge Fall on February 3, 1956, and upon Jackie Willis as clerk of the respondent district court for Flathead County on February 6, 1956, and thereafter the time for the hearing in this court on the return to the alternative writ was continued to February 21, 1956.

Respondents failed to show cause by answer under oath as is provided for in R.C.M. 1947, sections 93-9106 and 93-9204. However on February 20, being the day before the day set for the hearing on the return of the alternative writ, there was lodged in this court a writing labelled ''Withdrawal and Disclaimer'' and attached thereto a second writing entitled in the district court for Flathead County in ''Cause No. 13342. G. A. Miller, et al, plaintiffs, vs. F. R. Schrock, et al, defendants'' and labelled, ''Withdrawal of Jurisdiction''.

*''Withdrawal of Jurisdiction''.* The ''Withdrawal of Jurisdiction'' is certified by the clerk of the district court for Flathead County ''to be a full, true and correct copy of the original Withdrawal of Jurisdiction of Victor H. Fall in the case of G. A. Miller, et al, Plaintiffs vs. F. R. Schrock, et al, Defendants, on file in my office. Case No. 13,342.'' It purports to have been made and signed on February 15, 1956, by the respondent judge and states that he ''deeming himself disqualified from proceeding further with the * * * cause does hereby withdraw therefrom and request the Hon. Dean King * * * to appoint some other Judge of the State of Montana to assume jurisdiction.''

The ''Withdrawal of Jurisdiction'' purports to have been signed by Judge Fall some twelve days after the personal service upon him of the alternative writ of prohibition directed to him and to the respondent district court commanding that, in district court cause No. 13,342, G. A. Miller et al. v. F. R. Schrock et al., the respondent judge and court ''cease and desist and refrain from any further proceedings upon and in connection with the said cause * * * until the further order of this court thereon'' and, since this court issued no further order that in

any way relieves respondents from obeying and complying with its above quoted command, it is quite apparent that any action of Judge Fall thereafter in connection with the district court cause was in disregard of the Supreme Court's express order and command that he "cease and desist and refrain." This court was not consulted and it did not permit the filing in the district court of the original "Withdrawal of Jurisdiction" nor the lodging in this court of a certified copy of such original. Neither document has any standing here. Both must be wholly disregarded as being violative of the express command of the alternative writ issued out of this court and served upon each respondent and the documents should be stricken upon the authority of State ex rel. Sinko v. District Court, 64 Mont. 181, at pages 184, 185, 208 Pac. 952, at page 954.

*"Withdrawal and Disclaimer"*. The "Withdrawal and Disclaimer" was made and executed on February 17, 1956, by counsel who represent defendants in the district court and recites that the respondent judge "having disqualified himself to act and relinquished jurisdiction in Cause No. 13,342 in the District Court * * * and by virtue thereof it appears to the undersigned that all questions and matter raised by or involved in the alternative Writ of Prohibition * * * are now moot and there remains no issue or question for decision * * * the undersigned attorneys for Respondents * * * do thereby withdraw from the above entitled proceedings and disclaim any further interest therein."

On February 21 at the time set for the hearing on return of the alternative writ, the relators appearing by their counsel of record and respondents being neither present in person nor by counsel, this court heard the oral argument of relators' counsel urging that a peremptory writ of prohibition issue and that relators be awarded their damages, expenses and outlay in initiating and prosecuting this proceeding for preventative relief, it being counsel's contention that the affidavit of disqualification filed against Judge Fall was timely; that such filing ipso facto divested the judge against whom it was directed of all

authority and jurisdiction to thereafter try or decide any issue in the case and that all acts, orders and proceedings thereafter made, had or done in the case by such disqualified judge subsequent to the filing of the affidavit are void.

The affidavit of disqualification filed July 26, 1955, by the plaintiff Miller was both timely and proper. R.C.M. 1947, section 93-901, subd. 4; State ex rel. Sullivan v. District Court, 122 Mont. 1, 196 Pac. (2d) 452; McLeod v. McLeod, 126 Mont. 32, 243 Pac. (2d) 321; State ex rel. Carroll v. District Court, 50 Mont. 506, 148 Pac. 312.

Upon the filing of the affidavit the law stripped the judge against whom the affidavit was directed of all power to try or decide the issues in the case and further proceedings before him were *coram non judice*. In re Woodside-Florence Irrigation District, supra.

That a number of days after the institution of this proceeding and the service of the alternative writ of prohibition upon respondents but before hearing on the return was had, the respondent judge made, signed and filed in the district court a writing designated "Withdrawal of Jurisdiction" did not render moot the issues and questions presented by relators' petition and briefs nor did such belated admission of disqualification affect the right of relators to have this court determine and decide the questions of law and fact here presented including relators' right to their damages and costs under the provisions of R.C.M. 1947, sections 93-9204, 93-8602, subd. 4 and 93-9112, see State ex rel. O'Sullivan v. District Court, 127 Mont. 32, at pages 37, 38, 256 Pac. (2d) 1076; State ex rel. Williams v. Kamp, 106 Mont. 444, 452, 78 Pac. (2d) 585.

Respondents had due notice of the time and place set for the hearing on return of the alternative writ and thus were they afforded the opportunity to show cause by answer under oath as is provided for in sections 93-9106 and 93-9204, supra. The "withdrawal" of counsel from this proceeding in which they had not yet appeared and their disclaimer of "any further interest therein" did not affect this court's right and duty to hear

relators' counsel, and to thereafter determine and decide the material questions and issues presented.

The undisputed facts show that the alternative writ of prohibition rightfully issued to prevent a disqualified judge from sitting and acting in relators' lawsuit. The writ so issued and served arrested the proceedings in the respondent district court in a cause wherein the respondent judge had acted and was about to further act while wholly divested of all jurisdiction. Under such facts the relators are entitled to a peremptory writ of prohibition and to judgment for their damages and costs. R.C.M. 1947, sections 93-9204, 93-8602, subd, 4, 93-9112; State ex rel. Williams v. Kamp, supra; State ex rel. O'Sullivan v. District Court, supra; State ex rel. Lynch v. Batani, 103 Mont. 353, at page 363, 62 Pac. (2d) 565, at pages 569, 570.

MR. JUSTICE BOTTOMLY:

I concur in the foregoing dissenting opinion by MR. CHIEF JUSTICE ADAIR.