STATE OF MONTANA, ex rel. ELLA BLANCHE TAYLOR, Relator, v. THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT of the State of Montana, in and for the COUNTY OF FLATHEAD, and the HON. C. B. ELWELL, Judge Presiding, Respondents.

No. 9794.

Submitted April 18, 1957.   Decided May 7, 1957.

As Amended May 14, 1957.

310 Pac. (2d) 779.

398

Mr. Clarence Hanley, Helena, for relator.

Mr. Roger G. Baldwin, Kalispell, Mr. John W. Bonner, Helena, for respondents.

Mr. Hanley and Mr. Bonner argued orally.

MR. JUSTICE CASTLES:

Upon petition of the relator this court issued an alternative writ of prohibition returnable on March 18, 1957, at 10:00 a.m. Subsequently the return day was continued until April 18, 1957.

On May 21, 1953, in the respondent district court, a decree of divorce was entered wherein Robert M. Taylor was plaintiff and the relator, Ella Blanche Taylor, was the defendant. The plaintiff was granted an absolute divorce from the defendant, and an order awarding custody of a minor child was made.

Thereafter, on the 23rd day of June, 1956, upon motion of the defendant, an order to show cause was issued, returnable on the 6th day of July, 1956, directed to the plaintiff below to show cause why the decree entered on the 21st day of May, 1953, should not be modified so as to award custody of the minor child to defendant for the full twelve months, inasmuch as the said child had now reached school age, and further to increase the amount of maintenance and support from $40 per month to $125 per month; that thereafter, and on the 19th day of June, 1956, upon petition of the plaintiff in said cause in which he set forth numerous instances whereby he claimed defendant had violated the terms of the divorce decree with regard to custody of said minor child, the court issued an order to show cause, returnable on the same date as the order to show cause issued at the instance of defendant hereinabove mentioned.

The orders to show cause issued at the instance of each party were both set for hearing on July 6, 1956, but because of the disqualification of the Honorable Dean King and the Honorable Victor H. Fall, who had been called in, such orders were not heard until September 17, 1956, at which time the Honorable C. B. Elwell, district judge of the twelfth judicial district, respondent herein, having been called in upon disqualification of the Honorable Judge Fall, presided at said hearing.

At the conclusion of the hearing on said orders to show cause on the 17th day of September, 1956, the respondent district judge made an order denying defendant's petition for modification as to custody and support; the order further provided that the petition of the plaintiff for modification seeking full custody of the minor child was taken under advisement, but gave plaintiff custody for a two-week period "during the 1956 Christmas school vacation." The order further provided "that if and when the defendant refuses in any manner to comply with the provisions of the divorce decree and the order of this Court hereinabove set forth, that immediately the custody of the minor child shall be transferred to the plaintiff, and that the attention of this Court shall be called to that fact and such

provision as may be necessary for limitation of the defendant shall be made by the Court.''

Upon the return date of the alternative writ of prohibition, the respondent district court filed a motion to quash the alternative writ of prohibition and the order for issuance of the alternative writ. Upon the same day the respondent also filed an answer to relator's petition for writ of prohibition, without prejudice to his motion to quash. Both matters were heard.

The aforesaid motion to quash the alternative writ of prohibition is hereby denied for reasons given hereafter in discussing the merits of the action.

Two questions appear: (1) Is the writ of prohibition the proper remedy? and (2) Did the respondent court have jurisdiction, or having jurisdiction, act in excess thereof?

R.C.M. 1947, section 93-9201, defines prohibition, and R.C.M. 1947, section 93-9202, provides for its use. This court has held that the writ of prohibition lies when there is no other plain, speedy and adequate remedy at law. State ex rel. Lane v. District Court, 51 Mont. 503, 508, 154 Pac. 200, L.R.A. 1916 E, 1079; State ex rel. Marshall v. District Court, 50 Mont. 289, 292, 146 Pac. 743, Ann. Cas. 1917 C, 164; State ex rel. Wooten v. District Court, 57 Mont. 517, 189 Pac. 233, 9 A.L.R. 1212; State ex rel. Thibodeau v. District Court, 70 Mont. 202, 207, 224 Pac. 866.

It is contended that the order of January 22, 1957, was an appealable order, and thus that there is a remedy at law by appeal.

From the allegations of the petition filed herein, it would appear that there is no other plain, speedy and adequate remedy.

The petition is based upon the order of January 22, 1957, which was issued without notice to the relator and without affording her an opportunity to be heard. The order directed immediate action in that it authorized the sheriff of any county wherein the relator and the minor child were found to take said minor child and his belongings from the relator and deliver

him to the custody of the father. The minor child was at the time with relator under the provisions of the original decree and subsequent modifications of that decree, and was attending school in Stillwater County, Montana. If the order were executed and the child returned to the custody of the father, it would mean that his entire mode of living would be changed and his schooling interrupted.

Under the conditions here present, it is plain to see that an appeal would not be either plain, speedy or adequate even admitting that the order of January 22, 1957, is an appealable order.

This court has held that even though there be an appeal, prohibition would lie, if in the particular case an appeal would not afford a speedy and adequate remedy.

Thus in the case of State ex rel. Wooten v. District Court, supra [57 Mont. 517, 189 Pac. 234], the court said:

"While an appeal lies from an order allowing alimony * * it is obvious that an appeal is not adequate in this case, for each successive appeal taken would be the basis for a new application and a further order for alimony *pendente lite,* attorney's fees and suit money to defend on such appeal. Neither would the appeal be speedy, since the action is not one calling for advancement on the calendar and the case would be disposed of on its merits long before the appeal could be heard."

In the instant case, from the facts disclosed by the record, there has been at least two modifications of the original decree involving the custody of the minor child: If it would be required that an appeal must be taken from each order, it is easy to visualize the injury and damage which could be done to the welfare and best interest of the minor child. The child would be shunted back and forth while the slow process of appeal was being exercised. An appeal under these facts would certainly not be speedy, certainly inadequate and would not be for the best interests of the child.

In the case of State ex rel. Marshall v. District Court, supra [50 Mont. 289, 292, 146 Pac 745], the court said:

"The existence of a remedy by appeal is not of itself a bar to prohibition, unless such remedy be plain, speedy, and adequate. * * * A remedy is speedy when, having in mind the subject-matter involved, it can be pursued with expedition and without essential detriment to the party aggrieved; and it is neither speedy nor adequate if its slowness is likely to produce immediate injury or mischief." See also the case of State ex rel. Mangan v. District Court, 91 Mont. 240, 6 Pac. (2d) 873; State ex rel. Stewart v. District Court, 103 Mont. 487, 63 Pac. (2d) 141; and State ex rel. King v. District Court, 107 Mont. 476, 86 Pac. (2d) 755.

It is also contended that relator could have petitioned the respondent court for a modification of its order of January 22, 1957. It is obvious from that order itself, summarily issued without notice, that the respondent court was in no mood to hear any further testimony. It would have been simple and easy for it to have required notice to be given of a hearing to modify the order of September 17, 1956, or to have cited the relator for contempt of its previous order.

It follows then that relator did not have a plain, speedy or adequate remedy at law and that a writ of prohibition does lie.

As to the second question posed, it seems to this court to be ▆▆ elementary that notice must be given the adverse party before a hearing can be had to modify or change such an order affecting the right to custody of a child and personal property of that child. It is contended that relator had notice by the order of September 17, 1956, that a change of custody *might occur*, if she did not obey the court's order. This may be true, but she still has the right under our constitutional due process clauses to be heard before a substantial right granted by statute can be taken away or modified.

As was said in State ex rel. Nagle v. Sullivan, 98 Mont. 425, 442, 40 Pac. (2d) 995, 999, 99 A.L.R. 321:

"That any man should be condemned unheard is contrary to every principle of natural justice, and courts are not inclined to countenance such arbitrary power unless under the mandate

of positive law; nor will they aid it by judicial interpretation.'' Quoting from Pratt v. Board of Police, 15 Utah 1, 49 Pac. 747. State ex rel. Eckles v. Kansas City, Mo. App.. 257 S.W. 197.

When the custody of the minor child here involved was given to the relator under the orders of respondent court, she could not be deprived of such custody without notice and opportunity to be heard. This court does not have before it any of the fact situation as to the welfare of the minor child. It only is considering the right of a parent to be heard before custody is taken away.

The respondent court acted in excess of its jurisdiction in summarily issuing its order of January 22, 1957, and thus a writ of prohibition is a proper remedy. R.C.M. 1947, section 93-9201.

In view of the foregoing discussion, we must next consider the question of attorney fees. The relator has by her petition pleaded damages by way of attorney fees. Attorney fees as an item of damages in prohibition cases, if pleaded, are allowable. See R.C.M. 1947, sections 93-8602, 93-9204 and 93-9112; State ex rel. Williams v. Kamp, 106 Mont. 444, 78 Pac. (2d) 585; State ex rel. O'Sullivan v. District Court, 127 Mont. 32, 256 Pac. (2d) 1076; State ex rel. Lynch v. Batani, 103 Mont. 353, 62 Pac. (2d) 565 and State ex rel. Miller v. District Court, Mont., 294 Pac. (2d) 903.

It appearing to this court that respondent appeared and made defense in good faith, $200 attorney fees and costs are a charge against Flathead County.

The order of January 22, 1957, of the respondent court is annulled and set aside. Let the writ issue.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES BOTTOMLY, ANGSTMAN and ADAIR, concur.