No. 12679

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

BERNICE Q. GRANT,

                    Plaintiff and Respondent,

    -vs-

HARRY H. GRANT,

                    Defendant and Appellant.

---

Appeal from:  District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley and Honorable Nat Allen,
Judges presiding.

Counsel of Record:

    For Appellant:

        Small, Cummins, Hatch and Gregory Jackson, Helena,
         Montana
        Gregory Jackson argued and Carl Hatch appeared,
        Helena, Montana

    For Respondent:

        Landoe, Gary and Donald E. White, Bozeman, Montana
        Joseph B. Gary argued, Bozeman, Montana

---

                 Submitted:  November 20, 1974

                    Decided:  FEB 19 1975

Filed: FEB 19 1975

*Thomas J. Kearney*
                         Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a divorce judgment entered September 10, 1973, in the district court, Gallatin County. The appeal is from that portion of the judgment awarding the wife alimony, child support, attorney fees and property.

The court awarded the wife a divorce and custody of four minor children; $100 per month alimony, $400 per month child support and $400 attorney fees. It further awarded the wife a lot owned jointly; one half interest in the back wages owed the husband by Intercounty Development Corporation; the 1970 Mercury automobile jointly owned, and an antique bar. The court ordered the husband to carry the necessary health and medical insurance for and on behalf of the wife and the minor children and to pay all future medical and dental expenses incurred by the wife and minor children. Husband was also ordered to pay the remainder of the debts and liabilities currently due and owing as a result of the marriage. . The wife was awarded the personal possessions and household furnishings of the parties, together with personal possession of clothing of the minor children.

The record reveals that in 1971 husband earned $14,000 and in 1972 he earned $15,000. He is now employed at Employment Link and nets $660 per month. He claims he personally needs $100 per month for rent and $100 per month for food; and, that he is in need of a car for his employment; that in consideration of the amount of money he now makes, he is unable to pay all the family debts and still make the $500 per month alimony-child support payments. The husband also claims he lacks the necessary training and education to obtain a better paying job, and the job he now has is the best employment available to him at this time.

The wife has had several quarters of college, has been employed at various jobs and has been licensed as a nursing home

administrator, such license has expired.  She is not presently employed but is seeking employment that will net more than $300, the amount necessary for baby sitter fees.

Husband paid only $300 of the $500 alimony-child support payment for August and only $100 in September.  On October 12, 1973, he filed notice of appeal of the final judgment.  Contempt proceedings and an order to show cause were brought against the husband and set for hearing October 15, 1973.  At the hearing testimony was taken and husband's counsel withdrew from the case.  It was established that the wife has been given welfare assistance and charity from neighbors and friends.  The husband maintained he could not pay $500 per month out of his income, with his obligations.  The district judge at this point said:  "I am ready to modify this decree right now."  and then further said it would cost $1500 to reverse his court by appeal.  A minute entry and order were entered October 15, 1973 holding husband in contempt and ordering him to purge himself by paying $250 on or before October 18, 1973 and a like sum on the first day of each month thereafter.

Husband retained new counsel October 24, 1973 and on that day the new counsel disqualified the presiding judge and filed notice of appeal of both the judgment of September 10 and October 15, 1973.  Thereafter, on November 23, 1973, husband filed a petition with the court to clarify the judgment dated October 15, 1973.  The disqualified judge called in a judge from another district on November 28, 1973 and that judge accepted jurisdiction on December 3, 1973.

Appellant husband brings this appeal from both judgments and presents these three issues for review:

1.  Were the findings of the court regarding alimony, support, and property settlement justified by substantial evidence?

2.  Did the court err in awarding plaintiff wife attorney fees?

3.  Are the Montana statutes governing the award of alimony and attorney fees in divorce actions unconstitutional?

Rule 38, M.R.App.Civ.P., requires that when the state of Montana or its agencies or employees are not parties to a suit, the appellant must, upon filing the record, give immediate notice in writing to the Supreme Court of the existence of constitutional questions, specifying the section of the code or chapter of the session law to be construed so that the Court can notify the attorney general of the state of Montana. Failure to comply with this rule prevents the notice from being given the attorney general and therefore he has no opportunity to appear and defend the acts of the Montana legislature. Under these circumstances this Court will not proceed to answer the constitutional questions as Rule 38, M.R.App.Civ.P., was not followed.

The record in this case is not extensive and portrays the general problems found in divorce proceedings where there are minor children and not enough money to satisfy the needs of all parties and hence no solution is going to be entirely satisfactory to the parties inasmuch as such solutions under these conditions just do not exist.

We are bound in cases involving minor children to look for a solution which will serve their best interests, as is done in awarding custody in the first instance, section 91-4515, R.C.M. 1947. There are a number of reported cases concerning the same principle by this Court during 1974.

We find no abuse of the trial court's discretion in the first award of a dollar amount to the family of $500 per month based on the needs of four minor children. We also recognize that the father apparently cannot pay that amount at this time as the trial judge found in the second proceeding and reduced

- 4 -

the amount to $250 per month for their support until further order of the court.

Therefore, we hold the original judgment entered September 10, 1973 to have been modified by the judgment entered October 15, 1973, which provides a monthly payment of $250 for the support of the minor children until a further order of the trial court, based on a change of circumstances from those that exist in the record before this Court. The wife is awarded $200 attorney fees for this appeal. In view of the financial condition of the parties, the district court shall schedule payment to conform to the ability of the husband to make suitable payments.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

- 5 -