No. 13693

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

_____

ROBERT S. BRADBROOK,

Petitioner and Appellant,

-vs-

THE CITY OF BILLINGS et al.,

Respondents and Respondents.

_____

Appeal from: District Court of the Thirteenth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellant:

Moses, Tolliver and Wright, Billings, Montana
Charles F. Moses argued, Billings, Montana

For Respondents:

Harold Hanser, County Attorney, Billings, Montana
Peterson and Hunt, Billings, Montana
Kenneth Peterson argued, Billings, Montana

_____

Submitted: May 27, 1977

Decided:

Filed:

<u>Thomas J. Keasney</u>
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from the district court's denial of appellant's application for the issuance of a writ of prohibition. Proceedings were originally had before the Yellowstone County-Wide Gambling Commission. The gambling commission ordered a temporary suspension of appellant's license to conduct gambling activities. Thereafter, appellant applied to the district court, Yellowstone County, for the issuance of a writ of prohibition.

Appellant is part owner of the General Custer Hotel in Billings, Montana, and the Royal Flush, a bar located therein. The Royal Flush has been licensed by the Yellowstone County-Wide Gambling Commission to conduct gambling activities on the premises. Appellant participates in the management of the Royal Flush and in the operation of the licensed games that take place in that bar.

During the evening of March 23, 1976, appellant participated in a game of poker in the Royal Flush. Poker is a gambling game authorized by and within the contemplation of the state laws and local ordinances regulating gambling.

Appellant was subsequently charged with violation of Section 5.70.66(a), Ordinances of City of Billings. It provides:

> "Interest Holders Ineligible. No person who owns
> any interest of any sort whatever in or to any
> licensed gaming operation and who also actively
> participates in the management or conduct of the
> licensed games or establishment shall play or be
> permitted to play either in person or through an
> agent at any gaming table in such establishment
> * * *."

Notice of hearing before the gambling commission, dated April 6, 1976, was served upon appellant. At the hearing oral argument was had and briefs were submitted. On June 18, the gambling commission ordered the gambling license issued to the Royal Flush and appellant be suspended for a period of seven days, as a result of appellant's violation of Section 5.70.66(a), Ordinances of City

of Billings. The order further provided the suspension of license would be stayed in the event appellant appealed to the district court.

Rather than appealing the decision of the gambling commission to the district court as provided in the gambling ordinances, appellant filed an application for a writ of prohibition. This application was heard by the district court and denied. Appellant seeks reversal of the order denying the issuance of a writ of prohibition and raises four issues for review on appeal:

1. Whether prohibition is an appropriate remedy;

2. Whether sections 62-707 and 62-708, R.C.M. 1947, which grant local governing bodies the power to issue gambling licenses are unconstitutional as violating Art. V, Section 12, 1972 Montana Constitution;

3. Whether the Montana legislature has given local governing bodies power to control or regulate gambling as opposed to the power to merely issue licenses to conduct gambling activities;

4. Whether a local governing body can validly delegate to an appointed body (the gambling commission) the power to issue licenses.

The writ of prohibition lies to arrest the proceedings of any tribunal, corporation, board or person whether exercising functions judicial or ministerial, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person. Section 93-9201, R.C.M. 1947. It may be issued by the Supreme Court or a district court in cases where there is no plain, speedy, and adequate remedy in the ordinary course of law. Section 93-9202, R.C.M. 1947; State ex rel. Myersick v. District Court, 53 Mont. 450, 164 P. 546; State ex rel. Morales v. The City Commission of the City of Helena, _____Mont._____, _____ P.2d _____, 34 St.Rep. 697.

-3-

To determine whether a remedy is speedy this Court has set forth the following test:

> " * * * A remedy is speedy when, having in mind the subject matter involved, it can be pursued with expedition and without essential detriment to the party aggrieved; and it is neither speedy nor adequate if its slowness is likely to produce immediate injury or mischief."  State ex rel. Marshall v. District Court, 50 Mont. 289, 292, 146 P. 743.

See also:  State ex rel. Taylor v. District Court, 131 Mont. 397, 310 P.2d 779.

Upon examination of the instant case we find appellant had a plain, speedy, and adequate remedy in the ordinary course of law. Section 5.70.72, Ordinances of City of Billings, specifically provides for an appeal from a ruling of the gambling commission to the district court.

In addition to having a specific remedy, it is clear appellant's remedy was plain, speedy, and adequate.  The gambling commission's order stated the suspension would be stayed during the pendency of appellant's appeal to the district court.  Therefore, the bringing of an appeal would not have required appellant to suffer any injury during the pendency of such appeal.  The district court was correct in its denial of appellant's application for a writ of prohibition as appellant had a plain, speedy, and adequate remedy in the ordinary course of law.

Appellant's issue 2 is a challenge to the constitutionality of sections 62-707 and 62-708, R.C.M. 1947.  This issue is not properly before this Court because of noncompliance with Rule 38, M.R.App.Civ.P.  This Court in Grant v. Grant, 166 Mont. 229, 232, 531 P.2d 1007, stated:

> "Rule 38, M.R.App.Civ.P., requires that when the state of Montana or its agencies or employees are not parties to a suit, the appellant must, upon filing the record, give immediate notice in writing to the Supreme Court of the existence of constitutional questions, specifying the section of the code

> or chapter of the session law to be construed
> so that the Court can notify the attorney general
> of the state of Montana. Failure to comply with
> this rule prevents the notice from being given
> the attorney general and therefore he has no
> opportunity to appear and defend the acts of the
> Montana legislature. Under these circumstances
> this Court will not proceed to answer the con-
> stitutional questions as Rule 38, M.R.App.Civ.P.,
> was not followed."

See also: Clontz v. Clontz, 166 Mont. 206, 531 P.2d 1003; Gilbert v. Gilbert, 166 Mont. 312, 533 P.2d 1079.

We therefore decline to rule on the constitutional issues here.

Resolution of appellant's issue 1 concerning the propriety of the remedy of prohibition makes discussion of issues 3 and 4 unnecessary.

The judgment of the district court is affirmed.

_____
                Justice

We Concur:

_____
   Chief Justice

_____

_____

_____
      Justices

-5-