No. 85-302

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

BILLINGS DEACONESS HOSPITAL, INC.,

Plaintiff,

-vs-

JUDITH K. ANGEL,

Defendant and Third Party
Plaintiff and Appellant,

and

GARY R. ANGEL,

Defendant and Third Party
Plaintiff,

and

TRAVELERS INSURANCE COMPANY,

Third Party Defendant and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kelly & Halverson, P.C.; Bradley J. Finn, Billings,
Montana (Judith Angel)

For Respondent:

Crowley Law Firm; L. Randall Bishop, Billings,
Montana (Travelers Insurance)

Submitted on Briefs: Oct. 3, 1985

Decided: January 21, 1986

Filed: JAN 21 1986

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

In the District Court of Yellowstone County, Billings Deaconess Hospital, Inc. brought a collection action against Judith K. Angel and her husband for services rendered to Mrs. Angel. Mrs. Angel cross-claimed against Travelers Insurance Company (Travelers) claiming that Travelers should have paid the medical expenses under workers' compensation coverage. The District Court ruled it lacked subject matter jurisdiction. Mrs. Angel appeals. We affirm.

The issues are:

1. Did the District Court err in dismissing Mrs. Angel's third-party complaint on the ground that exclusive jurisdiction to resolve the dispute lies in the Workers' Compensation Court?

2. May Mrs. Angel challenge the constitutionality of § 39-71-2905, MCA, for the first time on appeal?

Billings Deaconess Hospital brought an action against Mrs. Angel for services rendered to her in the sum of $13,510.23, which included interest up to the date of the filing of the complaint. Mrs. Angel filed an answer admitting the essential allegations of the complaint. She also filed a third-party complaint which alleged that the medical care and services rendered to her were required as a direct result of an industrial accident and that the employer was insured with Travelers. She demanded judgment against Travelers for all sums that might be adjudged owing by her to Billings Deaconess Hospital.

The third-party complaint alleged that the indemnity liability of Travelers arose because Travelers was the workers' compensation carrier for Yellowstone Boys Ranch and Mrs. Angel's hospital treatment was related to injuries she

2

sustained in the course of and arising out of her employment with Yellowstone Boys Ranch.

Travelers made a motion to dismiss. The affidavit filed in support of the motion to dismiss established that the same claim for payment of medical expenses was the subject of a petition for trial presently pending before the Workers' Compensation Court. That petition was filed by Mrs. Angel on July 13, 1983 and requested payment of disputed medical bills. The trial was held before the Workers' Compensation Court on September 27, 1983. The case has not been submitted to the Workers' Compensation Court due to delays in taking post-trial depositions of medical care providers. By stipulation of the parties before the Workers' Compensation Court, jurisdiction over Mrs. Angel's claimed entitlement to payment for medical bills lies in the Workers' Compensation Court.

Based upon the record established in Travelers' uncontradicted affidavit and following oral argument, the District Court entered its order dismissing Mrs. Angel's third-party complaint. She appeals.

I

Did the District Court err in dismissing Mrs. Angel's third-party complaint on the ground that exclusive jurisdiction to resolve the dispute lies in the Workers' Compensation Court?

In substance, Mrs. Angel argues that she was entitled to the relief claimed in her third-party complaint because of the provisions of Rule 14(a), M.R.Civ.P., which in pertinent part states:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not party to the action who is or may be

3

> liable to him for all or part of the plaintiff's
> claim against him.

Mrs. Angel argues that there is absolutely no language in Rule 14(a) which bars the third-party complaint. She further argues that the District Court has original jurisdiction in all civil matters under the Montana Constitution. Mrs. Angel concludes that the District Court was required to determine that the Workers' Compensation Court had either concurrent or exclusive jurisdiction. She contends the District Court should have proceeded to hear the merits of the third-party complaint or stayed all proceedings in the collection action until the issue in the third-party complaint was finally resolved by the Workers' Compensation Court.

The District Court dismissed Mrs. Angel's third-party complaint on the ground that exclusive jurisdiction to resolve the dispute rested with the Workers' Compensation Court. Section 39-71-2905, MCA, states in pertinent part:

> . . . The workers' compensation judge has exclusive
> jurisdiction to make determinations concerning
> disputes under chapter 71, except as provided in
> 39-71-516 . . .

The exception provided in § 39-71-516, MCA, is not relevant to the present issue.

Section 39-71-2905, MCA, was considered at length in State, Etc. v. Hunt (Mont. 1981), 625 P.2d 539, 38 St.Rep. 421. In that case a petition had been filed with the Workers' Compensation Court seeking a determination as to whether Norman Beebe was an employee of one of several employers or an independent contractor. The Uninsured Employers Fund sought a writ of prohibition from this Court contending that the workers' compensation judge had no jurisdiction to determine which party was Mr. Beebe's employer. The Uninsured Employers Fund also brought a separate action in the Fourth Judicial District Court raising

4

similar issues. In its holding, this Court pointed out that a claimant or an insurer who has a dispute may petition the Workers' Compensation Court for determination of the dispute under § 39-71-2905, MCA. This Court noted that the workers' compensation judge has exclusive jurisdiction to make determinations concerning disputes regarding workers' compensation. We pointed out that cases handled by the Workers' Compensation Court had not been limited to disputes between insurers and employees. This Court concluded that the dispute related to benefits payable to a claimant, and under § 39-71-2905, MCA, the Workers' Compensation Court had exclusive jurisdiction.

> Although the Workers' Compensation Court is not vested with the full powers of a District Court, it nevertheless has been given broad powers concerning benefits due and payable to claimants under the Act. It has the power to determine which of several parties are liable to pay the Workers' Compensation benefits . . . and other matters that go beyond the minimum determination of the benefits payable to an employee.

> We determine that the Workers' Compensation Court has exclusive jurisdiction of this cause relating to the benefits of Beebe.

Hunt, 625 P.2d at 542, 38 St.Rep. at 425.

The items in question in the present case are hospital services. Section 39-71-704(1)(a), MCA, provides that in addition to the compensation provided under chapter 71 and as an "additional benefit" separate and apart from compensation, the insurer shall furnish reasonable services by a physician and surgeon and reasonable hospital services and medicines when needed. It is clear that the hospital services here in question are benefits under the Workers' Compensation Act.

We conclude that the third-party complaint filed by Mrs. Angel seeks to transfer to a District Court a benefits dispute, which is presently pending before the Workers'

5

Compensation Court. The Workers' Compensation Court has exclusive jurisdiction over that dispute.

We hold that the District Court correctly dismissed Mrs. Angel's third-party complaint on the grounds that exclusive jurisdiction rests in the Workers' Compensation Court.

## II

May Mrs. Angel challenge the constitutionality of § 39-71-2905, MCA, for the first time on appeal?

Mrs. Angel raised no question as to the constitutionality of § 39-71-2905, MCA, before the District Court. In the briefs to this Court, Mrs. Angel argues that by implication, at least, the grant of exclusive jurisdiction to the Workers' Compensation Court in § 39-71-2905, MCA, is inconsistent with the provisions of art. VII, sec. 4, Mont. Const., which gives the District Court original jurisdiction in all civil matters at law and in equity. Apparently, Mrs. Angel seeks an opinion of this Court finding that district courts have concurrent jurisdiction over industrial accident claims.

Mrs. Angel's challenge to the constitutionality of § 39-71-2905, MCA, is not properly before this Court. First, Mrs. Angel failed to comply with the mandatory statutory requirement of Rule 38, M.R.App.Civ.P., which states in pertinent part:

> Cases involving constitutional questions where the state is not a party.
> It shall be the duty of counsel who challenges the constitutionality of any act of the Montana legislature in any suit or proceeding in the supreme court to which the state of Montana, or any agency thereof, or any officer or employee thereof, as such officer or employee, is not a party, upon the filing of the record to give immediate notice in writing to the court of the existence of said question, specifying the section of the code or the chapter of the session law to be construed. The clerk shall thereupon certify such fact to the attorney general of the state of Montana.

6

"Failure to comply with this rule prevents the notice from being given the attorney general and therefore he has no opportunity to appear and defend the acts of the Montana legislature. Under these circumstances this Court will not proceed to answer the constitutional questions . . ." Grant v. Grant (1975), 166 Mont. 229, 232, 531 P.2d 1007, 1009; Bradbrook v. City of Billings (1977), 174 Mont. 27, 31, 568 P.2d 527, 529-30. Mrs. Angel's failure to notify the attorney general precludes this Court from ruling on the constitutional issue raised.

Second, as a general rule, constitutional issues must be raised at the district court level.

> This Court has consistently ruled that a constitutional issue is waived if not presented at the earliest opportunity.

Dodd v. City of East Helena (1979), 180 Mont. 518, 523, 591 P.2d 241, 244. See also Matter of Auth. to Conduct Sav. & Loan Act., Etc. (1979), 182 Mont. 361, 368, 597 P.2d 84, 88.

We hold that Mrs. Angel may not challenge the constitutionality of § 39-71-2905, MCA, because she neither complied with Rule 38, M.R.App.Civ.P., nor raised this constitutional issue at the earliest opportunity.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

7