No. 99-349

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 32

298 Mont. 203

994 P. 2d 1121

ALYCE HAIDER,

Plaintiff and Respondent,

v.

FRANCES MAHON DEACONESS HOSPITAL,

Defendant and Appellant.

APPEAL FROM: District Court of the Seventeenth Judicial District,

In and for the County of Valley,

The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Matthew W. Knierim, Laura Christoffersen, Christoffersen & Knierim, Glasgow, Montana

For Respondent:

J. Kim Schulke, Linnell, Newhall, Martin & Schulke, Great Falls, Montana

Submitted on Briefs: September 30, 1999

Decided: February 7, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1.Frances Mahon Deaconess Hospital (FMDH) appeals from the order of the Seventeenth Judicial District Court, Valley County, awarding Alyce Haider (Haider) mandatory attorney's fees pursuant to § 39-2-915, MCA (1997). We affirm.

¶2.The sole issue raised by FMDH on appeal is whether § 39-2-915, MCA (1997), violates the Montana Constitution by denying parties equal access to the courts.

Factual and Procedural Background

¶3.This appeal has its genesis in a wrongful discharge action by Haider against FMDH, her former employer. During negotiations, an offer to arbitrate was made by Haider. Upon FMDH's refusal to arbitrate, the matter was tried before a jury in the District Court. The jury awarded Haider a judgment in the amount of $44,995.26.

¶4.After a subsequent evidentiary hearing, the District Court determined that Haider was the prevailing party and, pursuant to § 39-2-915, MCA (1997), awarded her $15,000 in attorney's fees. Under that statute, a party who makes a valid offer to arbitrate that is not accepted by the other party and who prevails in a subsequent judicial action is entitled to reasonable attorney's fees as an element of costs.

¶5.FMDH filed a notice of appeal on May 10, 1999, seeking to challenge the constitutionality of § 39-2-915, MCA (1997). On August 5, 1999, FMDH filed its Notice of challenge to the constitutionality of the statute pursuant to Rule 38, M.R.App.P.

## Discussion

¶6.Is § 39-2-915, MCA (1997), unconstitutional?

¶7.Rule 38, M.R.App.P., procedurally governs cases involving constitutional questions where the state is not a party. The newly amended version of the rule provides as follows:

It shall be the duty of a party who challenges the constitutionality of any act of the Montana legislature in any action, suit or proceeding in the supreme court to which neither the state nor any agency or any officer or employee thereof, as such officer or employee, is a party, to give notice to the supreme court and to the Montana attorney general of the existence of the constitutional issue. <u>This notice</u> shall be in writing, shall specify the section of the code or chapter of the session law to be construed and <u>shall be given contemporaneously with the filing of the notice of appeal or with the filing of an original proceeding in the supreme court</u>. [Emphasis added.]

Rule 38, M.R.App.P. (1999).

¶8.FMDH filed its notice of appeal on May 10, 1999, but did not file its notice challenging the constitutionality of § 39-2-915, MCA (1997), until August 5, 1999. Haider contends that since FMDH failed to timely comply with the "contemporaneous notice" requirement of Rule 38, M.R.App.P., its constitutional challenge is not properly before this Court. We agree. By failing to "contemporaneously" file its notice of appeal with its notice of the constitutional challenge to § 39-2-915, MCA (1997), FMDH failed to procedurally comply with an essential condition precedent to perfecting its appeal. Rule 38, M.R.App. P.

¶9.However, FMDH points out that Rule 38, M.R.App.P., was amended by order of this Court on September 9, 1997. The effective date for the amendment was October 1, 1997. FMDH further points out that the amended rule was not published in the 1997 version of the Montana Code Annotated, upon which FMDH's counsel relied in preparing this appeal. Thus, FMDH claims that there is an equitable ground for excusing its noncompliance with the newly amended version of Rule 38, M.R.App.P.

¶10.FMDH's equitable argument might be well taken had it, in fact, complied with the prior version of Rule 38, M.R.App.P., upon which it claims to have relied in perfecting this appeal. The prior version of Rule 38, M.R.App.P., was effective through September

30, 1997, and provided as follows:

It shall be the duty of counsel who challenges the constitutionality of any act of the Montana legislature in any suit or proceeding in the supreme court to which the state of Montana, or any agency thereof, or any officer or employee thereof, as such officer or employee, is not a party, upon the filing of the record to give immediate notice in writing to the court of the existence of said question, specifying the section of the code or the chapter of the session law to be construed. The clerk shall thereupon certify such fact to the attorney general of the state of Montana. [Emphasis added.]

Rule 38, M.R.App.P. (1997).

¶11.Thus, the old version of the rule required notice to be filed "immediately" upon filing of the record on appeal. As Haider indicates, this Court's case law arising under the old version of Rule 38, M.R.App.P., strictly construed the "immediate notice" requirement. For example, in In re Adoption of C.J.H. (1990), 246 Mont. 52, 803 P.2d 214, we held that a "delay of twenty days" between the filing of the record and the filing of the notice of constitutional challenge did "not constitute 'immediate' notice" under the prior version of Rule 38, M.R.App.P. Adoption of C.J.H., 246 Mont. at 56, 803 P.2d at 216. Since the immediate notice requirement under the old rule was "mandatory," a failure to timely notify the attorney general precluded this Court from ruling upon the constitutional issue raised on appeal. See Billings Deaconess Hosp., Inc. v. Angel (1986), 219 Mont. 490, 494-95, 712 P.2d 1323, 1326-27.

¶12.The register of action for this appeal reflects that the District Court record was filed on June 16, 1999. However, FMDH's notice challenging the constitutionality of § 39-2-915, MCA (1997), was not filed until August 5, 1999, nearly two months later. Clearly, FMDH failed to comply with the "immediate notice" requirement of the prior version of Rule 38, M.R.App.P. Nor, as already noted, has FMDH complied with the "contemporaneous notice" requirement of the new version of Rule 38, M.R.App.P. We hold that FMDH's failure to comply with Rule 38, M.R.App.P., precludes this Court from reaching the constitutional challenge. Since FMDH raises only a constitutional challenge before this Court, its appeal is therefore dismissed with prejudice.

¶13.Affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ TERRY N. TRIEWEILER

Justice James C. Nelson specially concurs:

¶13.I concur in our opinion except as to the Court's statement in ¶ 10 that "FMDH's equitable argument might be well taken had it, in fact, complied with the prior version of Rule 38 . . . ." Even had FMDH complied with the prior version of Rule 38, this would not, in my opinion, have justified its failure to comply with the version of Rule 38 that had been in effect for some 20 months before it filed its notice of appeal.

¶14.FMDH appears to argue that, until a rule change (and, presumably, any newly adopted rule) is actually published in the Montana Code Annotated, litigants and their attorneys are absolved from complying with the amended rule or new rule. In point of fact, in its reply brief FMDH states that "Appellant should not be penalized for failure to comply with a new rule which was not timely published and to which attorneys in remote eastern Montana have little access or notice." This argument is without merit.

¶15.In the first place, FMDH fails to cite any authority for the proposition that amendments to rules of procedure or new rules are not effective until published in the Montana Code Annotated. *See* Rule 23(a)(4), M.R.App.P.; *Johansen v. State, Dept. of Natural Resources*, 1998 MT 51, ¶ 24, 288 Mont. 39, ¶ 24, 955 P.2d 653, ¶ 24.

¶16.More to the point, however, this Court does not adopt amendments to rules of procedure or new rules of procedure absent adequate notification to the practicing bar prior to the effective date of the amendment or new rule.

¶17.Copies of our September 9, 1997 order adopting the amendment to Rule 38, M.R.App. P., (along with an amendment to Rule 24(c), M.R.Civ.P. and a new rule, Rule 24(d), M.R. Civ.P.), were sent to, among other persons and officials, each of the Clerks of the District Court; to the Executive Director of the State Bar for publication in *The Montana Lawyer*; to West Publishing Company (now West Group) for publication in the *Pacific Reporter* advance sheets*;* and to the State Reporter Publishing Company for publication in the *State Reporter.*

¶18.As a result of this dissemination our order was duly published in the October 1997 issue of *The Montana Lawyer*, Volume 23, No. 2, at 18; in the *Pacific Reporter* advance sheets, 943 P.2d No. 3, at CXL, Oct. 17, 1997; and in the *State Reporter* at 54 St.Rep. 961.

¶19.Every active member of the State Bar of Montana--including those in "remote eastern Montana"--receives *The Montana Lawyer*, and, presumably, every practicing lawyer has access to the orders of this Court received by the District Court Clerks and published in the *Pacific Reporter* advance sheets and *State Reporter.*

¶20.Failure to regularly check the very sources where rule amendments and new rules are sent and are published is the fault of no one except the attorney who does not keep current with his or her reading. Under these circumstances, counsel's claim of lack of notice and FMDH's appeal to equity rings particularly hollow.

¶21.With the exception noted, I otherwise concur in our opinion.

/S/ JAMES C. NELSON

Justice Karla M. Gray concurs in the foregoing special concurrence.

/S/ KARLA M. GRAY