No. 03-483

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 345N

RON GREGORY, JR., and
RON GREGORY, SR.,

        Petitioners and Appellant,

   v.

ELI SPANNAGEL, JR., and
JEAN K. SPANNAGEL, his wife,

        Respondents and Respondents.


APPEAL FROM:    District Court of the Sixteenth Judicial District,
                       In and for the County of Rosebud, Cause No. DV 97-174
                       The Honorable Joe L. Hegel, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Ron Gregory Sr., *Pro Se*, Forsyth, Montana

        For Respondents:

            Geoffrey R. Keller; Matovich & Keller, Billings, Montana


                    Submitted on Briefs:  November 6, 2003

                            Decided:  December 16, 2003

Filed:

                                      Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     On December 12, 2002, we remanded this case to the Sixteenth Judicial District Court, Rosebud County, for that court's determination of the amount of reasonable attorney fees to be awarded to Eli Spannagel, Jr., and Jean K. Spannagel for the appeal. *Gregory v. Spannagel*, 2002 MT 297N, 313 Mont. 422, 63 P.3d 514 (*Gregory I*). On remand, the Spannagels submitted a memorandum of expenses to the District Court and requested a hearing. Following the hearing, the District Court awarded the Spannagels $10,315.41 for attorney fees and costs on appeal and post-appeal attorney fees of $2,535.00, for a total judgment of $12,850.41. Ron Gregory, Sr., appeals. We affirm in part and remand.

¶3     Gregory sets forth six issues on appeal, in which he attempts to rehash issues from the first appeal and questions the evidentiary basis for--and timeliness of--the Spannagels' request for the award of attorney fees and costs. The only issue which is properly before us after remand and on which Gregory has presented legal argument as required by Rule 23(a)(4), M.R.App.P., is whether the request for attorney fees and costs was timely.

¶4 The award of attorney fees was a Rule 11, M.R.Civ.P., sanction against Gregory. The 30-day time limit for claims for routine awards of costs to a prevailing party under Rule 33, M.R.App.P., and § 25-10-503, MCA, does not apply to Rule 11 sanctions.

¶5 Moreover, Gregory's argument that attorney fees are an element of costs is incorrect. The two cases he cites in support of that argument--*Moore v. Imperial Hotels Corp.*, 1998 MT 248, 291 Mont. 164, 967 P.2d 382, and *Haider v. Frances Mahon Deaconess Hosp.*, 2000 MT 32, 298 Mont. 203, 994 P.2d 1121--both involved awards of costs under § 39-2-915, MCA. Absent statutory authority authorizing the award of attorney fees in a particular type of action, attorney fees are not an element of costs in civil actions. *See In re Estate of Lande*,1999 MT 179, ¶ 15, 295 Mont. 277, ¶ 15, 983 P.2d 316, ¶ 15.

¶6 Gregory is correct on one point, however. Nowhere in *Gregory I* did we award the Spannagels their costs on appeal as a sanction against Gregory. Therefore, costs could only have been awarded to the Spannagels as the prevailing party on the prior appeal, pursuant to Rule 33, M.R.App.P. The § 25-10-503, MCA, time limits apply to a claim for such an award of costs. The Spannagels' memorandum of costs was not filed within the time allowed under § 25-10-503, MCA.

¶7 We conclude the portion of the judgment representing costs must be stricken. The record establishes that $1,205.41 of the judgment was for costs.

¶8 Finally, the Spannagels request a Rule 32, M.R.App.P., award of sanctions on the basis that this appeal was taken without substantial or reasonable grounds. Because Gregory's appeal is partially successful, that request is denied.

3

¶9     The award to the Spannagels of $11,645.00 for their reasonable attorney fees is affirmed, the award of $1,205.41 for costs of the prior appeal is vacated and we remand for entry of a new judgment.  No costs on appeal to either party.


                                    /S/ KARLA M. GRAY

We concur:


/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

4